## SUPREME COURT.

### Hinchman agt. Butler.

There is now no distinction between the terms *venue* and *place of trial.*

A *demand* is not necessary before making a motion to change the place of trial for the convenience of witnesses, &c. under the 2d or 3d subdivision of section 126.

Such motion is more properly to be made after issue joined. Whether it may be made before, *quære.*

*Montgomery Special Term, June* 1852.   This is an application to change the place of trial from the county of Montgomery to the county of Herkimer.   The plaintiff resides in the former county and the defendant in the latter.

A preliminary objection is taken, on the ground that the notice of the motion is in the alternative, being to "change the *venue* or *place of trial.*"

Loomis & Griswold, *for Motion.*

D. P. Corey, *Contra.*

C. L. Allen, Justice.—The 125th section of the Code, provides that the action shall be tried in the county in which the parties or any of them shall reside at the commencement of the action; subject, however, to the power of the court *to change the place of trial* in the cases provided by statute.   The 126th section declares that if the county designated in the complaint, be not the proper county, the action may, notwithstanding, be tried therein unless the defendant, *before the time for answering expires,* demand in writing, that the trial be had in the proper county, and the place of trial be thereupon changed by consent

Hinchman agt. Butler.

of parties, or by order of the court, as is provided in *that* section. The language of the Code is uniform, as to the terms used, and is, I believe, in all cases, "*place* of *trial*." Rule 48 (45) provides that in addition to what has been usually stated in affidavits to change venue, either party may state the nature of the contro- versy, and show how his witnesses are material, and may also show where the cause of action, or the defence, or both of them, arose; and these facts will be taken into consideration by the court in fixing the *place of trial*. The term *venue* is used as synonymous with the *place of trial* in the Code and in the rule, and was so used by all legal writers till the act of 1847; and I think either, used in the notice, would have been sufficient. What is the object of the motion? To have the *trial* in Herkimer instead of Montgomery; that is all the notice means, and whether *venue* is used or *place of trial*, or *both*, neither party can mis- take the one single object sought to be obtained from the affida- vit, which clearly shows that the change is claimed on the ground that the principal transactions on which the action is based, occurred in Herkimer county; and that the convenience of wit- nesses will be best promoted by a trial in that county. The word *venue* may perhaps be properly used, when speaking of the statutory location as in the judiciary act of 1847, though, I think, the words, place of trial, would be just as well; but in reference to change for the convenience of witnesses, either or both may be properly adopted. By the 46th section of the judiciary act, it was enacted that the venue (the county where the papers were to be filed, and the judgment docketed) should be laid in the county, in which some of the parties resided; and if the venue should not be so laid, it should be changed to the proper county with costs of the motion, if notice should be given of such motion before the expiration of the time for pleading. By the 49th section it was provided, that a *change of the place of trial* might be made for the *convenience of witnesses*, thus making an ap- parent distinction, between the two terms. The Code, however, uses place of trial for both cases; and the rules, as before shown, treat them as synonymous, and the papers are to be transferred to and filed in the county where the place of trial shall be finally fixed. This objection can not be sustained.

*Again,* it is objected, that it does not appear that any demand in writing has been made, that the trial be had in the proper county. What is intended by the term "proper county," and to what have those words reference? Clearly the county designated in the complaint. The Code (§ 125) says, the action shall be tried in the county in which the parties or *any of them* shall reside, at the commencement of the action, and then declares (§ 126), that if the county designated in the complaint be not the proper county, the action may, notwithstanding, be tried therein, unless the defendant, before the time for answering expires, demand in writing that the trial be had in the proper county; that is, the county where the parties or *any of them reside,* at the time the action is commenced.

In case the proper county is not named in the complaint, the demand must be made *before* the time for answering expires, or simultaneously with the service of the answer. Under the Codes of 1848 and 1849, there was no provision made for changing the place of trial except as contained in § 125. Now, however, express provision is made by the amendment of 1851. The latter part of § 126, reads as follows: "The court may change the place of trial in the following cases:

"1. When the county designated for that purpose in the complaint, is not the proper county.

"2. When there is reason to believe that an impartial trial can not be had therein; and

"3. When the convenience of witnesses and the ends of justice would be promoted by the change. When the place of trial is changed, all other proceedings shall be had in the county to which the place of trial is changed, unless otherwise provided, by the consent of the parties in writing, duly filed, or order of the court, and the papers shall be filed or transferred accordingly."

It is not clear but that the court possesses the power, by this amendment, to change the place of trial at any time, even on the ground that the proper county has not been designated in the complaint, although the defendant may have omitted to make the demand in the first instance. However that may be, it is perfectly evident that a demand was never contemplated in cases

Hinchman agt. Butler.

arising under the 2d and 3d subdivisions of § 126. Instances might occur, making it proper to apply for a change under the 2d subdivision after the answer was served, or after one or two trials have been had; and it is well understood *now*, that the application under the 3d subdivision *must*, or at all events *may* be made after issue, (5 *How. Pr. R.* 409), and the new rules of the court, 44 and 45, clearly contemplate that the motion may be made after issue. Indeed, there is one very cogent reason *why* the motion should not be made until after issue. How is the plaintiff or defendant to know what witnesses will be material, until it is rendered certain or probable by the pleadings what issues are to be formed or tried? No party until then can safely swear what facts it will be necessary for him to prove, or by how many and what witnesses he expects to prove them. That the only demand contemplated, was the one to which I have alluded, is also evident from the construction which has been put upon the section, by several adjudged cases. In Moore agt. Gardner (5 *How. Pr. R.* 243), the plaintiff named Onondaga county in his complaint as the place of trial—neither party resided in that county. The defendant demanded to have the place of trial changed to *the proper county*. The plaintiff refused to change and defendant made his motion. The motion was resisted by the plaintiff, on the ground that Onondaga county was the most convenient place for his witnesses. The court granted the motion, however, and remarked that the question of convenience of witnesses was not in issue. That the plaintiff, on receipt of the demand, should have changed the place of trial to the proper county, and then moved to change the place of trial for the convenience of witnesses, and that the granting the defendant's motion would not preclude the plaintiff from making his motion at the proper time, to change the place of trial for the convenience of witnesses.

Suppose that in the present case, the plaintiff had designated in his complaint the county of Schenectady, as the place of trial. Of course that would not have been the proper county. What would have been the demand of the defendant under § 125? Clearly, that the trial be had in the *proper county;* that is, in either Montgomery or Herkimer, where one of the parties resided

Hinchman agt. Butler.

(4 *Howard*, 81). The plaintiff might have consented to change to Montgomery, and the defendant would be remediless, as to moving to change the place of trial to Herkimer for the convenience of witnesses, after issue, as he could not safely swear before, as to their materiality or number. I am of opinion that the framers of the Code did not intend to create any such difficulty. *Again*, if a demand is necessary for a defendant in all cases before answer, the plaintiff would possess a decided advantage over the defendant. ,It has been decided, as already remarked, that the plaintiff may move on his part to change the place of trial, for the convenience of witnesses, at any time, or at all events without making a demand, as that necessity is confined to the defendant alone. He may do so after the court has changed the place of trial, to the proper county (3 *Code R.* 224).

The 2d and 3d subdivisions of § 126, do not confine the application to the defendant, but the court may make the change on the application of either party, when an impartial trial can not be had, or when the convenience of witnesses would be promoted by the change. That section was never designed, and ought not to be construed so as to give one party a benefit which could not be conferred upon the other. It was never intended that a demand in writing should be necessary, in case of an application under the 2d and 3d subdivisions. The second objection is not therefore well taken.

It appears from the defendant's affidavit, that the principal transactions between the parties occurred in the county of Herkimer. The action grows out of a contract, made between three parties and the canal commissioners, relative to work on the canal, exclusively done in that county. The money was expended there. The parties resided there at the time. The affidavit of the defendant showing the number of witnesses, the nature of the defence, and stating specifically the points of defence which each witness is expected to prove, or establish, is very full. All these facts stand admitted by the plaintiff, as he has interposed no opposing affidavit. If he could have denied or explained any of these statements, he undoubtedly would have availed himself of the opportunity (Jordan agt. Garrison, 6 *How. Pr. R.* 6). The motion must be granted.