JAMES FULTON, ADMINISTRATOR OF THE ESTATE OF WILLIAM LOGAN, DECEASED, APPELLANT, v. R. P. EARHART, ADMINISTRATOR OF THE ESTATE OF J. W. P. HUNTINGTON, DECEASED, RESPONDENT.

REVIEW OF FINDING OF FACT.—A finding of fact is not open to review, simply on a question as to the preponderance of evidence.

SETTING ASIDE FINDING.—When there may be ground for setting aside a finding or verdict, an appellate Court will proceed with caution if no motion was made in the Court below for a new trial.

ATTORNEY'S CERTIFICATE.—The attorney's certificate should not only show that the judgment is erroneous, but in what particular.

WHEN FINDING IS AN ERROR OF LAW.—If the allegations of a complaint are fully proved and there is no conflict of evidence, it is an error of law to find the contrary.

INTENDMENTS ARE IN FAVOR OF THE JUDGMENT.—Every intendment is in favor of the regularity and correctness of a judgment of a Court having jurisdiction.

IDEM—EVIDENCE PRESUMED.—The law will presume there was evidence to support a finding unless the contrary affirmatively appears.

APPEAL from Marion County.

This was an action for the recovery, as alleged in the complaint, of the agreed price of a number of horses, mares and colts, and of an undivided interest in a band of mares and colts sold by appellant to Huntington. While the action was pending in the lower Court, Huntington died, and Earhart, the administrator of his estate, was made defendant therein.

The answer denies that any sale was made except of an undivided one-third interest in a band of mares and colts to Huntington *and one Morgan Reeves*. It alleges that the purchase price at such sale was $333.33, and no more; that it was agreed that Huntington should pay $166.16, and no more, and that he made such payment; and it denies that he ever promised to pay any other sum.

A replication was filed denying the allegations of the answer, including that of payment.

The cause was tried without a jury, and the Court found that the evidence did not support the allegations of the complaint; that if any contract was made, it was between appellant, as administrator of the estate of Logan, and Huntington and Reeves. The cause was ordered dismissed. A statement containing the evidence of certain witnesses accompanied the appeal.

The assignment of errors was as follows: Error (1) in not finding that the preponderance of evidence was in favor of the plaintiff; (2) in finding that the evidence did not support the complaint; (3) in finding that if any contract was made, it was with Huntington and Reeves—the preponder-

ance of evidence being to the contrary; (4) in finding that the proof did not agree with the allegations of the complaint; (5) in ordering the cause to be dismissed at plaintiff's costs; (6) in not finding a verdict and entering a judgment for plaintiff.

*Bonham & Lawson,* for Appellant.

*Williams & Willis,* for Respondent.

By the Court, UPTON, J.:

The cause was first before the Court on a motion to dismiss the appeal, on the ground that there is no error assigned which is reviewable by this Court. On that motion the following opinion was expressed:

The first and third assignments simply assert that the Court erred in determining the *preponderance* of evidence. This is not an error of law. If there is no evidence *tending* to support a finding, and it so appears by the record, that may be a matter to be reviewed, but a finding of fact is not open to review simply on a question as to the preponderance of evidence. (Civ. Code, § 533; *Borst* v. *Spelman,* 4 Comst. 284; *Western* v. *Genesee M. Ins. Co.,* 2 Kern. 258; *Dain* v. *Wyckoff,* 18 N. Y. 46.)

The statute in regard to what shall be reviewed in actions at law is no innovation upon the practice at common law. The rule is similar to that; the common law applies on writs of error and on reviewing the verdict of a jury. If there is no evidence to support the verdict it will be set aside; but if the questions turn wholly upon the preponderance of testimony and there is no other error complained of, the verdict will not be disturbed. Even when there may be ground for setting aside a finding or verdict, an appellate Court will proceed with caution where no motion was made in the Court below for a new trial.

The fifth and sixth assignments point to no particular ruling or action of the Court. It is not sufficient to declare that a judgment is erroneous, but the statute (Civ. Code,

§ 527) requires that the certificates of the attorney should show that it is erroneous, "*and in what particular.*"

The second and fourth specifications are sufficiently definite, and the cause cannot be dismissed for want of assignment of errors. We are not now inquiring whether the errors exist, but whether they have been assigned. If the allegations of the complaint are fully proved and there is no conflict of evidence, it is an error of law to find the contrary, and the second assignment is sufficient to raise the question.

The same is true of the fourth assignment. If the proof did agree with the allegations of the complaint and the Court held the contrary, it was error, and is well assigned.

For the above reasons the motion to dismiss the appeal was overruled, and the cause is now submitted on its merits.

The appellant claims that by the admissions of the pleadings the plaintiff is entitled to a judgment for $166.16, unless the defendant has proved that he paid that amount; and he claims that there was no evidence tending to show such payment.

There is a fault in this position. It disregards the rule that every intendment is in favor of the regularity and correctness of a judgment of a Court having jurisdiction.

The record brings before us some of the evidence adduced on the trial, but there is nothing in the record to show whether or not all the evidence is before us. The law will presume there was evidence to support a finding unless the contrary affirmatively appears. (*White* v. *Abernethy*, 3 Cal. 426; *Nelson* v. *Lemmon*, 10 Cal. 49.)