# Williams *v.* Gallick.

Proceedings Supplemental to Execution against a Garnishee are proceedings at law, and on an appeal from a judgment therein, only those errors are reviewable that are assigned in the notice of appeal.

Execution on Pledgor's Interest in Property Pledged.—The interest of a pledgor in property pledged, with a limited power of sale for the protection of the pledgee, may be levied upon and sold under an execution against the pledgor. The pledgor holds the legal title to the property pledged, and not merely an equitable interest.

Finding of a Referee will not be Reviewed on appeal when there is evidence to sustain it.

Secondary Evidence of the Contents of a Certified Copy of an Answer is admissible upon proof of the loss of the original and of such copy.

Failure of a Referee to Find upon an Immaterial Issue as to fraud, is not error.

Appeal from Multnomah County.

*Dolph & Simon,* for the appellant.

*William Strong & Sons,* for the respondent.

By the Court, Watson, C. J. :

This is an appeal from a judgment against a garnishee in proceedings supplemental to execution, in an action at law. The facts essential to a proper understanding of the case, are these :

In the month of July, 1879, Comstock and Pfluger, the principal debtors, transferred a large amount of personal property to William Gallick, the appellant, to secure him as accommodation indorser of their notes; to the amount of about twenty-six thousand nine hundred dollars, with power to sell so much of the property as might be necessary to discharge said notes at maturity and pay all expenses of keeping and disposing thereof, and the surplus of the property or its proceeds to be delivered or paid over to them. Previous to this, however, on May 20, 1879, R. Williams, the

respondent, had recovered judgment against Comstock and Pfluger for six thousand dollars, with interest from May 7, 1879, at twelve per cent. per annum and costs, in the circuit court of Multnomah county.

On January 21, 1880, respondent caused a notice of garnishment to be served on the appellant under an execution issued on said judgment. The latter gave the sheriff a certificate to the effect that Comstock and Pfluger had no property in his hands, and that he was not indebted to them in any amount whatever. Thereupon, this proceeding supplemental to execution was instituted by the respondent. Appellant verified his answer to the written allegations of the respondent, February 17, 1880, and filed the same with his answers to the respondent's written interrogations on the 21st day of the same month. On August 10, 1880, he verified and filed his supplemental answer, in which he claims that, prior to the service of the notice of garnishment upon him on January 21, 1880, he had indorsed two additional notes of Comstock and Pfluger, amounting in the aggregate to one thousand seven hundred and fifty dollars, under an agreement with them to hold the property for security, with power to sell, to pay off these notes, similar to the one previously entered into in regard to the notes first indorsed.

The issues made by the pleadings were submitted to a referee, who found that the property was simply pledged to the appellant, in the first instance, to secure him against the payment of the notes first endorsed by him for Comstock and Pfluger, with a power to sell said property, or sufficient thereof to pay all the notes so indorsed, and the costs and expenses of making such sale, the residue to be returned to them. He also found that the alleged subsequent agreement between the appellant and Comstock and Pfluger, with respect to the two, amounting to one thousand seven hun-

dred and fifty dollars, was not made until after the service
of the notice of garnishment, and that although in the name
of the firm, it was executed by Pfluger alone, without Com-
stock's knowledge or assent.   At the time the notice of gar-
nishment was served on the appellant, he had a large por-
tion of the property still in his hands undisposed of, and a
large amount remained unpaid on the notes first indorsed
by him, but previous to the trial before the referee, he had
disposed of all the property and discharged such notes, to-
gether with the expenses of selling the property, out of the
proceeds.   The referee took an account of the sales, ex-
penses and payments in settlement of the notes first in-
dorsed, from which he found that the amount received by
appellant from sales, up to April 2, 1880, was sufficient to
pay all that was due by the notes first endorsed, and the ex-
penses of making such sales, and that the amount after-
wards received by him from sales of the remainder of the
property was two thousand four hundred and forty-four dol-
lars and fifty-nine cents, from which nothing should be de-
ducted as the expenses of making such sales.   The court
below confirmed the report except as to the expenses of
sales after April 2, 1880, amounting to seven hundred and
twenty dollars, which it allowed the appellant, and rendered
judgment against him for the balance of one thousand seven
hundred and twenty-four dollars and fifty-nine cents.

This is is a proceeding at law, as has already been decided
by this court, *Knowles* v. *Herbert*, 11 Or.   We can, there-
fore, only examine the judgment appealed from, upon the
grounds assigned in the notice of appeal, and affirm, modify
or reverse as we find the substantial rights of appellant af-
fected by the errors alleged.   The respondent, not having
appealed from the judgment, must be presumed to be satis-
fied with it : Code, 534.   The referee found that the trans-

fer of the property by Comstock and Pfluger to the appellant was a mere pledge for his own security, with a power to sell enough to pay off the notes indorsed by him at the time thereof, and the necessary expenses incurred in making such sale. This finding was not objected to by the appellant while the motion to confirm the report was pending in the court below. But if it had been, it could not be said said that there was not sufficient evidence to support it, so as to render the order of the lower court, confirming the report, reviewable here on this ground. Whatever our conclusion might be from the evidence, if we were at liberty to consider it, we feel bound upon the record before us by the finding of the referee. We must, therefore, treat the transaction as he has found it to be, a mere pledge of personal property as security, with a limited power of sale for the further protection of the pledgee. In this view, Comstock and Pfluger had a leviable interest in the property, beyond question. They held the legal title, were the legal owners in fact, subject only to the incumbrance in the appellant's favor. The transaction did not involve any trust in favor of the creditors whose notes appellant had indorsed. They had no interest in it. The appellant's endorsement was their security, and the pledge was his security alone. Comstock and Pfluger and the appellant could have released the property from the charge at any time without consulting such creditors.

Section 279 of our civil code declares that all property or right or interest therein of the judgment debtor, shall be liable to an execution, except certain articles specifically exempted by the succeeding section.

Section 281, providing the mode of proceeding on execution, where property has been levied upon by the process of

garnishment in the hands of a third party, contains this provision :

"But if such property is in the possession of such garnishee upon a bailment, then unexpired, the sheriff shall sell the same, or the interest of the judgment debtor therein, according to the certificate, as other property."

The certificate referred to is the one required of the garnishee when the notice of the levy is served upon him. Under these provisions, it cannot be disputed that Comstock and Pfluger had an interest in the property in the appellant's hands, subject to execution by the garnishment process. And such we believe has been the uniform construction of similar statutes. (*Burlingame* v. *Bell*, 16 Mass., 381 ; *Hastings* v. *Baldwin*, 17 *Id.*, 551 ; *Sweet* v. *Brown*, 5 Pick., 178 ; *Foster* v. Potter, 37 Mo., 525 ; *Hearn* v. *Crutcher*, 4 Yerg., 461.)

Under the findings of the referee, by which we feel precluded, the question so elaborately argued by the appellant's counsel as to purely equitable interests being subject to garnishment upon execution, does not arise. In view of that finding, we must hold the interest of Comstock and Pfluger as a strictly legal, and not an equitable, interest.

It is next contended, on behalf of the appellant, that the court below erred in sustaining the finding of the referee that the subsequent arrangement between Pfluger on behalf of Comstock and Pfluger and the appellant in regard to the two last notes indorsed by him, amounting to one thousand seven hundred and fifty dollars, was not entered into until after January 21, 1880, the date of the garnishment. This also was a simple question of fact, and cannot be reviewed here, unless there was not sufficient evidence to justify it. Comstock testifies that he had no knowledge of this transaction until long after this date, and was not consulted in re-

gard to it. Pfluger refuses to state positively that it took place before that date, and the appellant himself is hardly more definite.

The written instrument evidencing it is dated January 3, 1880, and yet the appellant's answers to the written allegations and interrogations served upon him after the garnishment by the respondent, and verified on February 17, 1880, while very full and explicit as to the first arrangement of July, 1879, give no intimation of the last one whatever. And it is not until the tenth day of August following that it makes its appearance in the supplemental answer.

Comstock and Thomas N. Strong both testify to the contents of a certified copy of an answer previously verified by the appellant in another action in which it was alleged that this last arrangement was entered into February 3, 1880. Both the certified copy and the original answer are lost, and the foundation for the secondary evidence was properly laid. We think the evidence was competent. The answer was a record, and the copy certified by its proper custodian would have been competent evidence under the statute. Both being lost or destroyed without fault on the part of the respondent, secondary evidence of the contents of the certified copy was admissible. (*Howe* v. *Taylor*, 9 Or., 288.) Pfluger admits, in his cross-examination, that he made this last agreement with appellant, because the garnishment had been served. It must necessarily, therefore, have been subsequent. We think the position taken by appellant's counsel, that there was no evidence to justify the finding, is clearly unwarranted. An issue was made by the pleadings as to fraud and collusion between the respondents and Comstock and Pfluger in obtaining the judgment under which the property in appellant's hands was garnished. The referee omitted to find on this issue, and the appellant's motion

to set aside the report upon this ground was overruled by the court below. This presents the last objection. But it follows from what has already been said that it cannot be sustained on this appeal.

The transfer of the property to the appellant, according to the finding of the referee, was a mere pledge to secure him against loss on his indorsements, and not an assignment to him for the benefit of the holders of such indorsement. Whatever interest he had in the property came to him through Comstock and Pfluger, or Pfluger alone, with notice of the respondent's right under the garnishment and subject thereto, and it belongs to him alone. He stands in the place of Comstock and Pfluger. If the transfer by Pfluger for the firm should be deemed the act of the firm, and as they could not resist the enforcement of the judgment out of their property on account of the imputed collusion and fraud between the respondent and themselves in its recovery, neither can the appellant who received the property from them after it had been garnished by the respondent, under such judgment.

We discover no ground upon which a reversal of the judgment would be proper, and therefore order that it be affirmed.

Judgment affirmed.