[Filed March 25, 1889.]

## MARX AND JORGENSON, Respondents, *v.* E. M. CROISAN, Appellant.

PLEADING — DEMURRER — REPLEVIN. — When a defendant wishes to challenge the authority of a court to try an action in replevin in the county in which such action is brought, unless it was alleged in the complaint that the property was taken in such county, he should distinctly specify that objection in his demurrer, and thereby call the attention of the court to the point he asked to have decided.

WHEN A DEFENDANT DEMURS TO A COMPLAINT on the ground that the facts stated do not constitute a cause of action, and the court overrules such demurrer, and the defendant refuses to further plead, and the court renders judgment against him, he waives the right to urge thereafter such dilatory matter as an omission to allege the county or venue in the complaint in replevin. Nor does the objection specified in the demurrer apply to defects of a dilatory nature, but is limited to the subject-matter proper of the action.

WHEN IN A COMPLAINT IN REPLEVIN the goods were alleged to have been taken in a certain store in the city of Salem, without stating the county or state, the court will take judicial notice that the city of Salem is the county seat of Marion County, and the capital of Oregon, and is located within said county and state.

APPEAL from Marion County.

*N. B. Knight*, for Respondents.

*William Kaiser*, for Appellant.

LORD, J.—This was an action in replevin. A demurrer was filed to the complaint, and specified as the grounds

thereof, "that the same does not state facts sufficient to constitute a cause of action." The court below overruled the demurrer, and the defendant refusing further to plead, judgment was rendered for the plaintiff. The objection is, that the complaint does not allege that the property seized was located in Marion County, in which the action was brought. It was argued that the action of replevin was local, and must be brought in the county where the property was taken and located, and that unless the complaint shows that the property was seized and situated in the county where the action was brought, it would be "fatally defective." But this objection and the argument based on it does not go to the sufficiency of the facts as a cause of action, but the right of the court to exercise its jurisdiction upon the facts, unless the complaint alleges that the property was taken and located in the county wherein the action was brought. It simply says in effect that, the action of replevin being local, the cause of action must be brought in the county where the property was taken and located, and that unless the complaint shows such fact by allegation, the court will have no jurisdiction of the subject thereof. The result then is, that the ground of objection specified in the demurrer, and upon which the court rendered judgment, is not the true or real one now assigned and relied upon to reverse that judgment. At common law the cause of error here assigned was taken by special demurrer. Replevin was said to be local because it is necessary to give a local description of the taking complained of, and perhaps for the further reason that it is a proceeding partly *in rem.*

"In declaring in replevin, it is necessary to describe, and describe truly, the *locus in quo,* i. e., the close, house, or common, in which the cattle or goods in question were taken by the defendant; and as the necessity of alleging the true place of caption involves the necessity of laying

the true town, parish, or ville,' and of course the true county, the venue and county as well as the close, etc., are consequently *material*, and the action of necessity local." (Gould's Pleading, c. 3, sec. 111.)

Hence, in the action of replevin at common law, the place, parish, etc., are material and traversable, and if the place of taking, parish, or ville was not alleged, the defendant may demur, but the omission is cured by pleading over, or after verdict. (*Potter* v. *North*, 1 Saund., note 1, of authorities.) This is well illustrated in *Potter* v. *Bradley*, 2 Moore & P. 78; 17 Eng. Com. L. 625. There the action was in replevin, and the defendant demurred specially, assigning for causes that it was not alleged, nor did it appear by the declaration, in what particular place or places in the said parish the said cattle or any part thereof were taken. Upon the argument, the court said that "although where a plaintiff in replevin omits to name the particular place in the declaration, the defect may be cured by the defendant's pleading over or by verdict; still there had been no case in which it had been decided that the objection might not be raised by demurrer."

It is to be observed, however, that the objection was taken by special demurrer, and pointed out the matter omitted but required to be alleged in local actions, and consent was obtained to amend. Special demurrers, as known in the common-law practice, are now abolished, but the principle remains that "the demurrer shall distinctly specify the grounds of objection to the complaint," and "unless it does so, it may be disregarded." (Code, sec. 67.)

When, therefore, the defendant wished to challenge the jurisdiction of the court to try the cause of action in that county, unless the complaint alleged that the property was taken in Marion County, he should have distinctly specified that objection in his demurrer, and thereby

called the attention of the court to the precise point he asked to have decided. This he had a right to do by demurrer, and must do, or the objection would be waived. But as the case stands, the demurrer is put on the ground that the facts alleged do not state a cause of action, yet the objection relied upon to reverse the judgment rendered is, that the action being local, unless the complaint shows that the goods were taken in Marion County, wherein the action was brought, the court will have no jurisdiction of the cause of action.

In some jurisdictions it has been held that judgment can only be given upon the cause assigned in the demurrer, and if it fails to assign or allege the proper cause, it wholly fails.

In *Wilson* v. *Mayor*, 1 Abb. 4, Ingram, J., said: "I can see no good reason why a demurrer should be allowed to state one cause of demurrer and succeed on another which has not been stated. The object of the legislature in requiring the demurrer to state the grounds of objection to the complaint was to give the opposite party notice of the alleged defect. The complaint and answer are required to contain a plain statement of the cause of action or defense. No form is necessary, and no technicalities are encouraged, and the same system applied to the demurrer requires that it should plainly state the ground on which the demurrant rests his objection to the pleading. The object of the demurrer is to raise an issue upon the law, as the answer does upon the facts, and upon the trial the court is confined to that issue. It can never be upheld as an orderly proceeding in a court, while trying an issue of law, to find upon that issue in favor of one party, and to hold that there were other reasons, not involved in the issue, why judgment should be rendered against him."

In *Hobart* v. *Frost*, 5 Duer, 673, the demurrer specified as its only ground that the complaint did not state facts

sufficient to constitute a cause of action, and the argument in its support was, that it appeared on the face of the complaint that the judge making the order for the appointment of the receiver had no jurisdiction, etc., and the court held, "that if the objection to the jurisdiction were valid itself, it would not be taken under a demurrer specifying as its only ground that the complaint did not state facts sufficient to constitute a cause of action. The ground that ought to have been specified to enable the court to listen to the objection was, that the plaintiff had not legal capacity to sue. The facts set forth in the complaint were plainly sufficient to constitute a cause of action. The objection was not that the action was not maintainable at all, but that the plaintiff had not a personal right to maintain it."

It is true that the decisions in these cases are not of courts of last resort, and are not usually regarded by conclusive authority. Nor is it necessary for us to approve them, or go to that extent; yet there can be no doubt but that in a case like the present, where the facts are sufficient as a cause of action, and the objection raised is not specified, that it must be considered as waived and disregarded.

The judgment is affirmed.

### ON PETITION FOR REHEARING.

[Filed April 9, 1889.]

LORD, J.—The argument in the motion for rehearing evidently misconceives the ground upon which the opinion is based, and necessarily renders inapplicable the authorities cited to sustain it. Two things may be noted at the outset, that there is nothing in the opinion to indicate or warrant the inference that where a complaint fails to state a cause of action, or the court does not have jurisdiction of the *subject-matter* thereof, that advantage

cannot be taken of it at any time and in any court. The objections, when well taken, are always "fatally defective," and are never waived; but a different rule prevails when the objections raised are only dilatory and in abatement, and do not involve the sufficiency of the facts to constitute a cause of action, or the jurisdiction of the court of the subject of the action.

In the case in hand, the complaint was in replevin, which the defendant demurred to, on the ground that the facts stated did not constitute a cause of action, but the defect pointed out and argued under this objection, in this court, was, that the action being local, the complaint was incomplete or defective in omitting to allege the venue or county in which the goods were taken. The venue in replevin, at common law, being local, it was necessary to allege in the declaration the county where the goods and chattels were taken. The venue is the locality or county in which the cause of action is to be tried, and is synonymous with the "place of trial." (*Hinchman* v. *Butler*, 7 How. Pr. 462.) The object of the venue is to designate the county or place of trial in which the action is to be tried. It has no reference to the sufficiency of the facts as a cause of action; these are the wrongful taking of another's property. Nor does the omission go to the jurisdiction of the subject of the action, but contests and denies the right of the court to exercise its jurisdiction unless the venue or county is alleged in the complaint. It seeks to abate the action, — to suspend further proceedings, — unless the county is stated. That an action in replevin is a subject within the jurisdiction of the circuit court, every lawyer will admit, but when the action is local, as in replevin, before the court is authorized to take jurisdiction of such actions, unless waived, the venue must be stated in the complaint. But the fact that it may be waived, or is cured by pleading

over, is conclusive of the point that it does not go to the substance of the facts, or the subject of the jurisdiction. It is an objection that may be taken advantage of by demurrer or answer in some jurisdictions, but, however, pleaded in abatement, the pleading must specify the objection, and the attention of the court must be called to the point asked to have decided.   In a word, the elementary fact that such a plea is dilatory, and in abatement of the action, is decisive that it does not touch the sufficiency of the facts as a cause of action, or that the subject-matter is not within the jurisdiction of the court.   When, therefore, the defendant, by his demurrer, specified as the ground thereof that the facts stated did not constitute a cause of action, and the court overruled it and rendered judgment against him because he refused to further plead, his objection being confined to the cause specified, he necessarily waived all dilatory pleas, and, consequently, cannot take advantage now of the omission to allege the venue.   The reason is, that the cause of the demurrer is limited to the subject-matter *proper* of the action, namely, the wrongful taking of the goods of the defendant, and has no application to any dilatory matter whatever, such as the omission to allege the venue, or incapacity to sue. (Green's Pleading and Practice, sec. 909, and cases cited.)

Nor is there anything in the principle as applied to the facts as presented by this record inconsistent with *Hotchkiss* v. *Elling*, 36 Barb. 50.   Nor does this case overrule, as I read it, the cases cited, but the purpose was to limit and restrict the opinions to the facts upon which they proceeded.   What the court objected to in *Hotchkiss* v. *Elling, supra,* was the inferences sought to be drawn from the cases referred to, and not what was decided by them. The contention was, that the objection specified in the demurrer, that the facts did not state a cause of action, waived a want of jurisdiction in the court to grant the

relief sought, that the objection to the jurisdiction, not having been taken specifically for that cause under subdivision 1 of section 144 of the code, that the court has no jurisdiction of the subject of the action, but the objection being under subdivision 6 for a different cause, namely, that the complaint does not state facts sufficient to constitute a cause of action, it cannot be entertained on demurrer, and the cases cited were referred to in support of that view.

When this argument was pressed upon the court, as the proper inference to be drawn from those cases, Hogeboom, J., responded, that "if they are intended to apply to a case like the present, I cannot yield my assent to them." That is to say, if the doctrine of those cases were to be carried to the extent that a demurrer, specifying that the facts stated did not constitute a cause of action waived, or precluded the right to raise the objection that the court did not have jurisdiction of the person or subject-matter, then as those cases were not conclusive on that court, he should not assent to them. The reason was obvious. These are incurable objections, when well taken, and which, whether the objection be specified or not, is never waived, and cannot be disregarded.

It may be admitted that the opinion of the court, as expressed in these cases, was liable to the objection urged, and was broad enough to include incurable matter, as a want of jurisdiction of the subject-matter, but when read in the light of the facts to which it applied, it did not relate to incurable defects, or matters without the jurisdiction of the court. In *Hobart* v. *Frost*, 5 Duer, 672, the quotation made was for the purpose of illustrating that a demurrer, specifying as its only ground that the complaint did not state facts, etc., did not apply to the objection that the plaintiff has not legal capacity to sue.

In *Fulton etc.* v. *Baldwin,* 40 N. Y. 648, it was held that,

on demurrer that the complaint does not state facts suffi-
cient to constitute a cause of action, the defendant cannot
object that the plaintiffs have not capacity to sue; but to
avail himself of this objection, it should be specifically
set forth as a cause of demurrer.   The court say: "The
complaint states a good cause of action, but does not allege
that the plaintiffs are a corporation having capacity to sue.
This objection must therefore be regarded as waived.
It is just and reasonable that the rule should be so.   If
this objection to the complaint is well taken and the de-
fendant had specified this ground of demurrer, the plain-
tiff would most probably have amended his complaint,
and inserted proper averments to show them a cor-
poration having authority to sue."   (See also Green's
Pleading and Practice, sec. 909.)   But however this
may be, it does not affect the principle involved in the
case, and it was expressly avowed in the opinion that it
was not necessary for us to approve them to sustain the
view there taken in order to avoid liability to miscon-
struction.

At common law, a general demurrer lay to defects of
substance, and a special demurrer for defects as to mat-
ters of mere form, and from the reign of James I., when
*Reade and Hawke*, Hob. 16, was decided, down to the reign
of George IV., when *Potter and Bradley*, 2 Moore & P.
78, was decided, the objection here raised as to venue was
taken by special demurrer, showing that it did not go to
defects of substance, but only to matters of mere form,
and therefore related to such matters as was curable or
amendable.

And so the principle still is, that the objection does not
go to the substance, either of the jurisdiction or of the
cause of action, but is dilatory, and intended, when speci-
fied, to abate the action, unless the complaint be amended
and the proper averment of venue be alleged.

It must be said, however, that the rule itself is criticised as highly technical, and as the court in *Strong* v. *Lawler,* 33 Conn. 177, declared, that it was not supported by satisfactory reasons, and should not be extended.

When therefore the defendant by his demurrer pleaded that the complaint did not state facts sufficient to constitute a cause of action, he waived the right to urge such dilatory matter as failure to allege the venue, whether for the taking or detention, or both, now or then. To avail himself of that objection, it must be specified and exerted before a demurrer to the substance, which is, in effect, in bar of the action. Nor can he allege in his demurrer the cause specified, and compel the court to pass upon it, and then raise an objection under it, to which it does not apply.

This view is conclusive of every phase of this case, and we should not have deemed it necessary, in overruling the motion, to have restated our reasons but for the earnestness and good faith with which the learned counsel press their motion, and the opportunity to say that in our judgment the objection sought to be raised is not only not tenable, but is without even technical merit.

It is an elementary rule that courts of law are bound to recognize the territorial divisions of the state into counties, towns, or cities. By public law the city of Salem is made the capital of the state and the county seat of Marion County, and the court is bound to take judicial notice of the same. The court itself is required to hold its terms when doing judicial business in the county seat of Marion County, which is known judicially to be the city of Salem. When then the act complained of was alleged in the city of Salem, the court will take judicial notice that said city is within that county, and is its county seat.

In *Gager* v. *Henry,* 5 Saw. 237, the court, through Mr.

Justice Deady, held that the court takes notice of the existence of the political subdivision of Oregon called Yamhill County, and that Lafayette is the county seat thereof, and therefore a notice to sell lands at the court-house in Lafayette is notice of a place of sale in Yamhill County.

In *State* v. *Powers*, 25 Conn. 50, Ellsworth, J., said: " It is said that the complaint does not state that the offense was committed within the county of London. Stonington is the place named, and the time of committing the offense is named; and although the county is not named, we can judicially take notice of that, which is sufficient."

In *Harding* v. *Strong*, 42 Ill. 149, the court say: "The objection to this judgment is purely technical. It is first insisted that the court cannot know that the lot in con-troversy is in the city of Monmouth, Illinois. The court will take notice that the city of Monmouth is in Warren County in this state."

In *Railroad Co.* v. *Case*, 15 Ind. 42, the action was local, and the statute required that it should be brought before some justice of the peace of the county in which the ani-mal was killed. The objection was, that it was not proved that the injury was committed in Shelby County, and the court said: "No witness stated that the animal was killed in that county; yet several stated that it was killed on the railroad between two named geographical points, which we will judicially notice are in that county."

In *Loutham* v. *May*, 77 Ind. 109, the action was in re-plevin, and the court say: "It is contended with much earnestness that the appellee failed to make out his case, for the reason that the evidence did not show that the property in controversy was detained in the county of Cass. We need not examine or decide it was essential that the property should have been shown to have been detained in Cass County, for the evidence fairly shows

that it was detained in the city of Logansport, and that city the court judicially knows is the county seat of that county." (See also *Vanderworker* v. *People*, 5 Wend. 530; *Martin* v. *Martin*, 51 Me. 366.)

To this effect cases might be indefinitely multiplied, but these are sufficient to conclude this point. It was stated that the complaint did not show that the property was in the city of Salem when the action was commenced. It states that the defendant wrongfully took the goods out of a store in the city of Salem, and still detains them. Where? Why of course the place named, the city of Salem,—took them in the city of Salem, and still detains them (in the city of Salem). There is no use of repetition, unless some other place was to be named. So that in whatever view we may regard this objection, it cannot affect the result reached.