[Filed November 17, 1891.]

## ANTONE MARABITTI v. PETER BAGOLAN.

DISSOLUTION OF PARTNERSHIP— ONUS OF PROOF.—In an action for an account-
ing between partners, when the answer alleges a prior dissolution, the *onus*
is on defendant to show a clear and complete abandonment of the partner-
ship and a settlement.

ACCOUNTING—EVIDENCE.—Where the evidence is clearly against a finding of
the referee, the finding will be set aside.

Multnomah county: L. B. STEARNS, Judge.

Plaintiff appeals.  Reversed.

.This is a suit for an accounting between the plaintiff
and defendant growing out of an alleged partnership
between them, the object of which partnership was to
engage in the business of raising and marketing vegeta-
bles.  It is alleged that this partnership was to be equal
and to continue during the farming season of 1890.  It is
also alleged that plaintiff furnished four hundred and
twenty dollars and the defendant a like sum, to be used in
carrying on said business, and that during the said farming
season all the income from the sale of the products of said
business should be used in the development and successful
conduct of said business, and that at the close of said farm-
ing season all the vegetables and partnership property then
on hand should be sold and the said firm dissolved and the
proceeds divided equally between them; that about Sep-
tember, 1890, the defendant having the possession of all
the partnership property, excluded the plaintiff therefrom
and denied the partnership.  The complaint further alleges
that the farming season for the year 1890 is closed and the
business of said firm is at an end except to settle the affairs
of said copartnership.

The answer admits the terms of the partnership agree-
ment substantially as alleged, and admits that ever since
about July 15th, defendant has not recognized any right or
interest of the plaintiff in said partnership business.  After
alleging various other matters not material to be noticed.

the answer states that on or about June 12, 1890, plaintiff refused to proceed further with said partnership business; and it was then mutually agreed between plaintiff and defendant that said partnership be then dissolved, and plaintiff agreed that the defendant should have all the products of the farming operations of said copartnership in consideration that said partnership be then dissolved, and that defendant should assume the liabilities contracted on account of said farming operations and raising vegetables for said partnership, and that the defendant should repay to the plaintiff when the crops should be all marketed the said sum of money advanced by the plaintiff on account of said partnership, to-wit, the sum of two hundred and ninety-three dollars, and that the plaintiff should have all the profits of the partnership in buying and selling vegetables up to said June 12, 1890. Some additional matters are alleged not material on this appeal. The reply denied the new matter in the answer.

The case was referred with authority to take the evidence and report the same to the court with findings of fact and law. The findings of fact made by the referee were in accordance with the new matter contained in the answer, which being reported to the court, the same were confirmed by the court, and a decree dismissing the suit was entered, from which the plaintiff has appealed.

*W. W. Thayer*, and *Chas. H. Carey*, for Appellant.

*Stott, Boise & Stott*, for Respondent.

STRAHAN, C. J.—The main contention upon the trial here was as to whether the partnership was dissolved by the mutual agreement of the parties about June 12, 1890, and as to whether there was any such agreement made between the parties at said time as is set out in the seventh finding of fact.

After carefully considering the evidence, we are led to a different conclusion from that of the learned referee. On the issue of new matter tendered by the answer, the *onus*

was upon the defendant to prove his allegations by a preponderance of the evidence. In this, we think he signally failed. A particular examination of the evidence we deem unnecessary. It would only be a commentary upon the credibility of the witnesses and of certain discrepancies in the statements of the defendant, which we deem material, and which tend greatly to weaken his position.

It is also proper to add that the plaintiff is supported by several disinterested witnesses who are not of the same nationality as the parties to this suit. So far as we are able to discover, these witnesses are credible, and testify without any of the prejudices or animosities that sometimes unfortunately find their way into a case and render it extremely difficult to decide among conflicting and contradictory statements.

The decree appealed from will therefore be reversed, and the cause remanded to the court below with directions to find that the partnership between the plaintiff and defendant was not dissolved on the twelfth day of June, 1890, nor at any time except by its own limitation as provided in the partnership agreement; that said parties did not enter into the agreement mentioned in the seventh finding of fact by the referee, and that said court proceed to take and state an account of the affairs and business of said partnership and enter a decree settling the same according to the respective rights of said parties.