[Filed February 22, 1892.]

## E. W. CARVER v. JACKSON COUNTY.

APPEALS—SPECIFICATION OF ERRORS.—The general rule is that the notice of appeal in actions at law must specify with reasonable certainty the grounds of error upon which the appellant intends to rely; but objections to the jurisdiction of the court below over the subject matter, and that the facts stated in the complaint do not constitute a cause of action, may be raised for the first time in the supreme court whether specified in the notice of appeal or not.

Jackson county: L. R. WEBSTER, Judge.

Plaintiff appeals. Affirmed.

This is a proceeding by writ of review to reverse the action of the county court of Jackson county in the matter of laying out a public road in said county. The court below dismissed the writ and rendered judgment against the plaintiff for costs, from which this appeal was taken.

The notice of appeal is addressed to Jackson county and to Wm. M. Colvig, district attorney, and, omitting the title, is as follows:

"You and each of you are hereby notified that the above named plaintiff E. W Carver hereby appeals from the decision and judgment rendered in the above named court in the above named cause on the twenty-ninth day of March, 1891, dismissing the writ of review and rendering a judgment against said plaintiff for the costs of said proceeding, to the supreme court of the state of Oregon, and from the whole of said judgment and decision.

"H. K. HANNA, and
"C. W. KAHLER,
"Attorneys for Plaintiff."

*H. K. Hanna,* for Appellant.

*Wm. M. Colvig,* for Respondent.

STRAHAN, C. J.—Upon the argument in this court, counsel for the respondent objected to the consideration of any of the supposed errors in the record because the same were not assigned in the notice of appeal.

Section 537, Hill's Code, among other things, provides in case the judgment be one rendered in an action at law, the notice of appeal shall specify with reasonable certainty the grounds of error upon which the appellant intends to rely upon the appeal; and section 544 authorizes this court to affirm, reverse or modify the judgment or decree appealed from in the respect mentioned in the notice, and not otherwise.

These provisions of the code, according to the plain import of the language, require that in an action at law the notice of appeal to this court must specify the grounds of error upon which the appellant intends to rely, and such has generally been the interpretation placed upon them by this court. (*Dolph* v. *Nickum,* 2 Or. 202; *Fulton* v. *Earhart,* 4 Or. 61; *Lewis* v. *Lewis,* 4 Or. 209; *Williams* v. *Gallick,* 11 Or. 337; *Krewson* v. *Purdom,* 13 Or. 563.) But an exception to this rule was stated and recognized in this court for the first time in *McKay* v. *Freeman,* 6 Or. 449. In that case the court said: "Before examining the assignment of error set out in the notice of appeal, it is necessary for us to pass upon the objections made for the first time in this court to the sufficiency of the complaint and to the jurisdiction of the court below over the subject matter of the action. It has been the practice of this court to consider that the court below had not jurisdiction of the subject matter and that the complaint does not state facts sufficient to constitute a cause of action or suit, whether they are assigned as error in the notice of appeal or not." And this seems to have been followed in *State* v. *McKinnon,* 8 Or. 487. The reason of this exception was not stated, but no doubt it is that in a case where the court below was without jurisdiction or where it acted upon a pleading which was utterly destitute

of legal merit, that is, which entirely failed to state a cause of action or defense, the court was without power to render a judgment that would be of any validity, and therefore rather than encumber its records with nullities in the form of void judgments the court would of its own motion take notice of the objection though not assigned as error in the notice of appeal.

This case is not within the exception above referred to, and it is difficult to see how we can examine the supposed errors without disregarding the plain mandate of the statute. *Woodruff* v. *Douglas Co.* 17 Or. 314, was found by the court to be within the exception and, properly understood, is in harmony with the other cases on the subject.

These suggestions lead to an affirmance of the judgment, and it is so ordered.