Argued June 17, decided July 28, 1908.

## PARRISH v. PARRISH.

[96 Pac. 1066.]

APPEAL AND ERROR—QUESTIONS REVIEWABLE.

1. Under Section 72, B. & C. Comp., providing that if no objection be taken, either by demurrer or answer, defendant shall be deemed to have waived the same, excepting only the objection to jurisdiction, and that the complaint does not state a cause of action, an objection that the complaint does not state all the facts essential to jurisdiction may be urged without having been demurred thereto, and for the first time on appeal.

MARRIAGE—ACTION TO ANNUL—PLEADINGS AND PROOF—RESIDENCE OF PLAINTIFF.

2. Under the express provisions of Section 508, B. & C. Comp., it is sufficient, in a suit to declare void a marriage solemnized in this State, to allege and prove, that plaintiff is an inhabitant of the State at the time the suit is commenced.

DIVORCE—PROCEDURE—STATUTORY REQUIREMENTS—WAIVER.

3. In view of Section 995, B. & C. Comp., providing that in any divorce suit the State is to be deemed a party defendant, and that the summons must be served on the district attorney, and requiring him to control the proceedings on the part of the defense, so far as may be necessary to prevent fraud or collusion in the suit, it is the policy of the courts not to permit a waiver of any of the statutory requirements as to such proceedings, and it is the duty of the court to deny the divorce, unless sufficient facts properly appear to justify it under the law.

SAME—COMPLAINT—SUFFICIENCY.

4. Under Section 509, B. & C. Comp., providing that in a suit for dissolution of a marriage, plaintiff must be an inhabitant of the State at the commencement of the suit, and for one year prior thereto, a complaint alleging that on a certain date plaintiff and defendant intermarried in Linn County, Oregon, and ever since have been and now are husband and wife, and that plaintiff now resides in said county, fails to sufficiently allege that plaintiff was an inhabitant of the State for one year prior to the institution of the suit, and does not give the court jurisdiction.

From Linn: WILLIAM GALLOWAY, Judge.

This is a suit for divorce by Edward E. Parrish against Luella C. Parrish, on the alleged ground of cruel treatment, which charge the defendant by her answer denied. The trial court made findings in favor of defendant, and a decree was entered dismissing the complaint, from which the plaintiff appeals. A decree is rendered setting aside the findings of the court below, and dismissing the complaint, without prejudice.

REVERSED: DECREE RENDERED.

For appellant there was a brief and oral arguments by *Mr. Percy R. Kelly* and *Mr. John J. Whitney.*

For respondent there was a brief over the names of *Mr. Hayward H. Riddell, Mr. Edd. Mendenhall, Mr. Walter G. Hays* and *Mr. William R. Bilyeu,* with oral arguments by *Mr. Riddell* and *Mr. Bilyeu.*

Opinion by MR. COMMISSIONER KING.

This is a suit for divorce, in which plaintiff seeks a dissolution of the bonds of matrimony, on the alleged ground of cruel treatment, which charge defendant, by answer without affirmative averments, denies. Upon findings in favor of defendant, a decree was entered dismissing the complaint, from which plaintiff appeals.

1. The first question demanding consideration relates to the sufficiency of the complaint, in respect to which it is here urged, for the first time, that the complaint does not state facts sufficient to give the court jurisdiction, in that it fails to allege that plaintiff was an inhabitant of the State for one year prior to the institution of the suit. The averment in reference thereto is as follows: "That on the 11th day of November, 1877, plaintiff and defendant intermarried in Linn county, Oregon, and ever since have been and now are husband and wife, and plaintiff now resides in Linn County, Oregon." The complaint makes no further reference to plaintiff's residence, nor do we find any statements therein from which the period of his residence within the State may be inferred. It is maintained, by counsel for defendant, that the statement quoted, when considered with the evidence admitted without objection, is sufficient to indicate that plaintiff had been an inhabitant of the State at all times since the date of his marriage to defendant. Some question arises as to the sufficiency of the proof in this respect, but whether ample or not it is unnecessary to determine, for it is well settled that the complaint must state all the facts essential to jurisdiction, and a failure

52 OR.— 6

to do so may be urged without having been demurred thereto, and for the first time on appeal. Section 72, B. & C. Comp; 7 Ency. Pl. & Pr. 68; *Carver* v. *Jackson,* 22 Or. 62 (29 Pac. 77) ; *Wyatt* v. *Henderson,* 31 Or. 48 (48 Pac. 790) ; *Nye* v. *Bill Nye Mining Co.,* 42 Or. 560 (71 Pac. 1043) ; *Haymond* v. *Haymond,* 74 Tex. 414 (12. S. W. 90) ; *Collins* v. *Collins,* 53 Mo. App. 470; *Conrad Nat. Bank* v. *Northern P. Ry. Co.,* 24 Mont. 178 (61 Pac. 1).

2. Under Section 508, B. & C. Comp., in bringing a suit to declare a marriage void, it is sufficient, if the marriage is solemnized in this State, to allege and prove, that plaintiff is an inhabitant of the State at the time of the commencement of the suit.

3. But in a suit for the dissolution of the marriage, as in the case under consideration, Section 509, B. & C. Comp. expressly provides that "the plaintiff therein must be an inhabitant of the State at the commencement of the suit, and for one year prior thereto, which residence shall be sufficient to give the court jurisdiction, without regard to the place where the marriage was solemnized, or the cause of suit arose." It thus appears that the period of residence prescribed prior to, as well as at, the date of institution of the suit, is expressly made essential to the jurisdiction of the court to try the cause. It is true that statutory provisions of similar import in some cases are held waived unless raised by special demurrer, or by some dilatory plea (*Marx* v. *Croisan,* 17 Or. 393: 21 Pac. 310) ; but a divorce proceeding is *sui generis,* and necessarily triangular in its nature, consisting of the plaintiff, the defendant, and the State. Section 995, B. & C. Comp.; *Allen* v. *Allen,* 73 Conn. 54 (46 Atl. 242: 49 L. R. A. 142: 84 Am. St. Rep. 135). Although not named in the pleadings in the first instance, the State, or the public, is interested in the result, making it the duty of the court to guard against collusion and fraud, and to deny the prayer for divorce, unless sufficient

facts properly appear to justify it under the law (7 Enc. Pl. & Pr. 66). And, independent of statutes to that effect, this has long been the policy adopted by all courts taking jurisdiction of such controversies, and is on the theory that, as citizens of the State, the children and relatives of the parties, have an interest in the proceedings; and, since they cannot become parties to the suit, it is essential that their interests be represented by the court. The policy, therefore, as long recognized by the courts and manifestly by the Code, is not to permit a waiver of any statutory requirements in such litigation, for which reason the rules invoked, in this respect in proceedings involving property rights only, are inapplicable to the case at bar. 9 Am. & Eng. Enc. Law (2 ed.) 729; *Haymond* v. *Haymond,* 74 Tex. 414 (12 S. W. 90); *McMakin* v. *McMakin,* 68 Mo. App. 57; *McIntyre* v. *McIntyre,* 9 Misc. Rep. 252 (30 N. Y. Supp. 200); *Dennis* v. *Dennis,* 68 Conn. 186 (36 Atl. 34: 34 L. R. A. 449: 57 Am. Rep. 95).

4. The averments of the complaint may all be conceded to be true, and yet, while a resident at the time, he may not have been an inhabitant of the State for many years prior to the institution of the suit. It follows that the complaint is insufficient to give the court jurisdiction. A decree should be entered accordingly, setting aside the findings of the court below, and dismissing the complaint, without prejudice.

MR. CHIEF JUSTICE BEAN did not sit in this case.

REVERSED: DECREE RENDERED.