Argued February 1, reversed ·and remanded February 23, 1921.

## WHEELER v. STEADMAN.

(195 Pac. 818.)

**Replevin—Defendant can Testify He had Mortgaged Property.**

1.  In replevin, where defendant claimed ownership of the property, he can testify that he had given mortgages thereon, which is an act of ownership by him creating a presumption of ownership under Section 799, subdivision 12, Or. L.

**Replevin—Defendant, Demanding Return, must Prove Ownership.**

2.  In replevin, where defendant asserts ownership of the property and demands its return, the burden is on him to establish his affirmative assertion of ownership by preponderance of the testimony, under Section 726, Or. L., requiring each party to prove its own affirmative allegations.

**Trial—Instruction in Replevin, as to Term of Contract not Charged to Have Been Breached, not Germane.**

3.  In replevin, where defendant claimed to have acquired the property under a contract with plaintiff, one provision of which was that plaintiff should live with defendant, but there was no allegation by either party of breach of the contract in that respect or of its waiver, an instruction that if plaintiff of his own accord left defendant's residence defendant would be no longer bound to keep that provision was not germane to the issues.

Replevin—Where Defendant Claims Ownership, Verdict must Settle That Issue.

4. In replevin, where defendant claimed ownership of the property and demanded its redelivery to him, the verdict must settle the issue of ownership, and a verdict which merely found for defendant and fixed the value of the property is insufficient to support a judgment.

Pleading—Failure to Allege Property Sought by Replevin is Within County Waived by Answer to Merits.

5. The failure of the complaint in replevin to allege that the property was located within the county is waived, where defendant answered to the merits without raising that question.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 1.

The complaint is in replevin. The plaintiff avers:

"That he now is and at all times hereinafter mentioned has been the owner and entitled to the possession of the following described personal property and which is now in the possession of the defendant."

The property described includes several cows and a calf, lumping the value of the herd at $215, a sorrel horse of the value of $75.80, and a lot of other personal property of various items, at a gross value of $75. The complaint concludes with the averment:

"That the defendant is withholding the possession of the said property from the plaintiff unlawfully and wrongfully, and has withheld the same from the possession of the plaintiff, and to his damage in the sum of $100 for the unlawful and wrongful detention thereof."

The answer denies all of the allegations of the complaint, except as stated. The defendant answers affirmatively, in substance, that it was agreed between the parties to the action near the end of the year 1914 or the beginning of 1915 that the plaintiff should then deliver to the defendant, as the property of the latter, three cows, four yearlings, one two-

year-old heifer, and a pony, together with certain personal property, consisting of an old wagon, a plow, and odds and ends of farming utensils, all of which then and there by the terms of the agreement became the property of the defendant, in consideration of which the latter was to do certain kinds of work on land belonging to the plaintiff and his wife, and the further consideration that the plaintiff should live with the defendant upon or near the land, no definite amount of work having been agreed upon. · The defendant claims that he performed the agreement on his part in all things to be done by him, alleges the value of the stock taken by the plaintiff under the writ issued in the action to be $340, and demands a return thereof.

The reply denies the averments of the answer, and says that the defendant leased the land from the plaintiff, together with the stock, upon shares, and the work done on the land was for the purpose of raising feed for the stock and carrying out the terms of the lease.

At the trial the jury returned a verdict in these terms:

"We, the jury in the above-entitled cause, find for the defendant and find that the value of the property taken is the sum of $250."

Upon this verdict a judgment was rendered in favor of the defendant against the plaintiff for the sum mentioned, and for costs and disbursements, without making any reference to the ownership or return of the property. The plaintiff appeals.

REVERSED AND REMANDED.

For appellant there was a brief and an oral argument by *Mr. S. P. Ness.*

For respondent there was a brief submitted over the name of *Mr. O. H. Foster,* without oral argument.

BURNETT, C. J.—1. The plaintiff assigns as error, first, that the court was wrong in permitting the defendant to testify that he had given mortgages on the stock, and that some of it was subject to mortgage at the time of the trial. It is presumed "that a person is the owner of the property from exercising acts of ownership over it": Or. L., § 799, subd. 12. Mortgaging property is an act of ownership by the mortgagor, and he himself is competent to testify to those acts to which the presumption mentioned attaches.

2. The defendant asserted ownership of the property, and demanded its return. In this connection the court refused to instruct the jury at the request of the plaintiff that the burden of proof was on the defendant to establish the contract under which he claimed to own the property. The rule is codified in Section 726, Or. L., that each party shall prove his own affirmative allegations. It is incumbent, therefore, upon the defendant to establish his affirmative assertion of ownership in the property by a preponderance of the testimony, and the instruction should have been given: *Capital Lumbering Co.* v. *Hall,* 10 Or. 202; *Marabitti* v. *Bagolan,* 21 Or. 299 (28 Pac. 10); *Schoellhamer* v. *Rometsch,* 26 Or. 394 (38 Pac. 344).

3. After the jury had retired, the court recalled it at the instance of the defendant, and, referring to the averment in the answer to the effect that part of the consideration of the contract there stated was that the plaintiff should live with the defendant, instructed the jury, in substance, that if the plaintiff

of his own accord left the defendant's residence, the defendant would not be further bound to keep the contract with reference to that matter. The plaintiff excepted to this charge. Although the plaintiff's living with the defendant is stated as one of the terms of the contract, there is no averment of a breach of the contract in that respect, or of its waiver by either party, and hence the instruction in question was not germane to the issue and should not have been given.

4. It is assigned as error that the verdict does not support the judgment, and that the court erred in rendering a money judgment. Such a judgment in replevin, aside from what may be allowed as damages, can be entered only as an alternative when the return of the property cannot be had. Each party claims to be the owner of the property and entitled to its possession, the defendant demanding a return of that which had been taken under the writ issued. In all cases the verdict must correspond to the issues, and hence it should have stated who was the owner and entitled to the possession of the property. It is silent as to the principal question involved, namely, the title to and right to the possession of the chattels. The verdict, being merely for the defendant, might correspond to the general issue under circumstances where the defendant had never had possession of the property or claimed to own it, but, on the contrary, disclaimed any right to the same. But where each party claims the property, the verdict must settle that question. In this view, the verdict was not sufficient to support the judgment.

5. It is urged by the defendant that the complaint is defective because it does not state that the de-

tention of the property is in the county where the action was commenced. Where the defendant, as in the instant case, has answered to the merits without raising this question, the contention here made is settled against the defendant by *Marx* v. *Croisan,* 17 Or. 393 (21 Pac. 310); *Byers* v. *Ferguson,* 41 Or. 77 (68 Pac. 5); *Templeton* v. *Lloyd,* 59 Or. 52 (115 Pac. 1068), and *Ward* v. *Hamlin,* 71 Or. 248 (142 Pac. 621).

Other minor errors are cited, but it is not necessary to notice them, as they probably will not occur at a new trial. The judgment had no sufficient verdict to sustain it, and must be reversed.

REVERSED AND REMANDED.

McBRIDE, BENSON and HARRIS, JJ., concur.