Argued November 27; reversed December 23, 1940

WODECKI ET AL. *v.* WEST ET AL.
(108 P. (2d) 521)

*F. Leo Smith,* of Portland, for appellants.

No appearance for respondents.

BELT, J. This is a replevin action to recover possession of 32 sacks of vetch and 43 sacks of oats of the admitted value of $340. The cause was submitted to the court without the intervention of a jury. From a judgment in favor of defendants, the plaintiffs appeal. Respondents make no appearance.

■ The trial court allowed defendants' motion for a judgment of involuntary nonsuit for the reason that there is no allegation in the complaint that the grain was wrongfully detained by defendants in Columbia county at time of the commencement of the action. Since the pleading was not challenged by demurrer setting forth such specific objection and the defendants answered on the merits, the complaint is unquestionably sufficient. *Wheeler v. Steadman,* 99 Or. 414, 195 P. 818; *Ward v. Hamlin,* 71 Or. 248, 142 P. 621; *Marx v. Croisan,* 17 Or. 393, 21 P. 310. The evidence is uncontradicted that the detention of the grain was in Columbia county.

■■ We think the court also erred in concluding that defendants were the owners and entitled to the immediate possession of the grain. The uncontradicted evidence shows that plaintiffs were in possession of the land under claim of right at the time the grain was planted and harvested, and had been for several years prior thereto. The grain was sacked in the field when defendants hauled it away. Much of the record pertains to title to the land upon which the grain was produced. In this action, however, the pertinent inquiry should have been: Who is the owner and entitled

to the immediate possession of the grain? The ownership of the land was not an issue in the case.

■ The rule applicable to the undisputed evidence is that the owner of land—assuming, without deciding, that defendants are the owners—has no right or title to crops fructus industriales raised on his land by one not in privity with him and severed while he is still out of possession: 15 Am. Jur. 222, citing numerous authorities in support of the text.

The rule is thus stated in 8 R. C. L. 366:

"Where the rightful owner of land has been disseized by one who has taken adverse possession, all crops grown and harvested by the disseizor belong to him, and the rightful owner after a recovery of possession acquires no right to such crops."

Also see cases in exhaustive note to *Fuglede v. Wenatchee*, 134 Wash. 350, 235 P. 790, 39 A. L. R. 953.

The judgment is reversed and the cause remanded with directions to enter judgment in favor of plaintiffs as prayed for in their complaint.

RAND, C. J., and BAILEY and LUSK, JJ., concur.