Argued and submitted December 18, 1996, reversed and remanded March 12, petition for review allowed September 23, 1997 (326 Or 57)

In the Matter of the Compensation of
Dale R. Shipley, Claimant.

## SAIF CORPORATION
and Great Shakes, Inc.,
*Petitioners,*

*v.*

## Dale R. SHIPLEY,
*Respondent.*

(WCB No. 95-02156; CA A92310)

934 P2d 611

Julene M. Quinn, Appellate Counsel, argued the cause and filed the brief for petitioners.

Scott M. McNutt, Sr. argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

SAIF seeks review of an order of the Workers' Compensation Board, contending that the Board erred in assuming jurisdiction over the matter, which involved only a claim for medical benefits on a previously accepted claim. We agree with SAIF that the Director of the Department of Consumer and Business Services has exclusive jurisdiction.

With regard to the review of medical services disputes, ORS 656.245(6) provides:

> "If a claim for medical services is disapproved for any reason other than the formal denial of the compensability of the underlying claim and this disapproval is disputed, the injured worker, the insurer or self-insured employer shall request administrative review by the Director pursuant to this section, ORS 656.260, or 656.327. The decision of the director is subject to the contested case review provisions of ORS 183.310 to 183.550."

Subsection 6 was added to ORS 656.245 by Oregon Laws 1995, chapter 332, section 25, and became effective on June 7, 1995. It applies to this case. *Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995).

The Board, in affirming the administrative law judge (ALJ), made the following findings, which are not challenged. Claimant suffered a compensable knee injury at work in 1989. The claim was closed with an award of temporary and permanent partial disability. In 1994, claimant experienced an off-the-job injury to the same knee and began receiving treatment. His physician took him off work, but claimant did not seek benefits for time loss. The record shows that SAIF sent claimant a letter denying that claimant had experienced a worsening of his compensable condition and also denying a request to reopen the claim; however, it did not deny the compensability of the original 1989 injury.

Pursuant to ORS 656.245(6), disputes that concern only the compensability of medical services are subject to review by the Director of the Department of Business and Consumer Services. *Liberty Northwest Ins. Corp. v. Yon*, 137 Or App 413, 904 P2d 645 (1995). Claimant contends that

because SAIF denied the compensability of his current condition and need for treatment, it denied the compensability of the "underlying claim," as described in ORS 656.245(6), and that this therefore is not a case that concerns only the compensability of medical services. We reject the contention. As the ALJ and the Board found, and as the parties appear to agree, claimant has never sought benefits for an aggravation of his 1989 injury. He has never sought to establish the compensability of a new consequential condition. He seeks only treatment of his current condition, contending that the treatment is compensable under ORS 656.245 because it is materially related to the 1989 compensable injury. The fact that SAIF's denial encompassed more than what claimant was seeking does not enlarge the scope of this dispute beyond the scope of the claim. This is and has always been a medical services dispute subject to the exclusive jurisdiction of the Director pursuant to ORS 656.245(6). The Board lacked jurisdiction to consider the matter.

Reversed and remanded.