Argued and submitted July 28, 1997, affirmed February 25, petitioners' petition for reconsideration filed March 11, allowed by opinion September 2, 1998
See 155 Or App 633 (1998)

In the Matter of the Compensation of
Nancy L. Pendergast-Long, Claimant.

SAIF CORPORATION
and Murphy Plywood Company,
*Petitioners,*

*v.*

Nancy L. PENDERGAST-LONG,
*Respondent.*

(Agency Nos. 95-12710 and 95-0408M;
CA A96056 (Control) and A96299)
(Cases Consolidated)

954 P2d 1270

David L. Runner argued the cause and filed the briefs for petitioners.

Dale C. Johnson argued the cause for respondent. With him on the briefs was Malagon, Moore, Johnson & Jensen.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

SAIF seeks review of an order of the Workers' Compensation Board that awarded claimant compensation for a back condition that required surgery. SAIF contends that claimant sought compensation for medical services only and, therefore, that the Hearings Division did not have jurisdiction over SAIF's denial of that claim. We disagree with SAIF's portrayal of the claim and, accordingly, affirm.

Claimant suffered a compensable back injury in 1986. She injured her back again in 1987 while working for the same employer. Her claims for those injuries were consolidated as a single claim under the 1986 injury. In January 1990, the 1986 claim was closed with an award of 15 percent unscheduled permanent partial disability (PPD). The PPD award was contested and, after a hearing, was adjusted to 16 percent unscheduled PPD to claimant's back and five percent scheduled PPD to her right leg. In 1992, claimant sought compensation for her current care and treatment of her back injury, which was denied. Claimant contested the denial, and the matter was resolved through a disputed claim settlement. In 1995, claimant underwent diagnostic studies that revealed a herniation of her L5-S1 disc. The examining physician recommended fusion of the lumbar spine from L4 to S1, which was done on September 22, 1995.

In conjunction with the surgery, claimant filed a request for compensation and temporary total disability (TTD) benefits. Because claimant's aggravation rights on the original injury had expired in March 1991, SAIF submitted the request for TTD benefits to the Board's own motion division.[1] On November 7, 1995, SAIF issued a denial of benefits. The denial letter stated in relevant part:

"[W]e have determined that we are unable to pay for treatment *or disability* related to disc herniation L4-5 and L5-S1 with posterolateral interbody fusion at those levels because of the following reason(s):

---

[1] ORS 656.278(1)(a) allows the Board to exercise its own motion authority to reopen a claim for additional TTD benefits when the Board finds that there is a worsening of a compensable injury that requires either inpatient or outpatient surgery or other treatment requiring hospitalization.

> *"The January 15, 1986 injury is not the major contributing cause of your disc herniation L4-5 and L5-S1* with posterolateral interbody fusion at those levels."

(Emphasis supplied.)

Claimant requested a hearing on the denial, which was held on April 4, 1996. After the hearing, the administrative law judge (ALJ) issued an opinion and order upholding SAIF's denial of the claim, concluding that the claim was precluded by the 1992 disputed claim settlement. As an alternate ground for his decision, the ALJ concluded that claimant had not proved that the condition requiring the lumbar fusion was related to the 1986 injury. Claimant requested review by the Board, which reversed the ALJ's order, concluding that the claim was not precluded by the 1992 settlement and that the 1986 injury was the major contributing cause of the claimant's current condition requiring surgery. The Board reaffirmed its decision in a December 1996 order on reconsideration. On January 16, 1997, the Board issued an own motion order granting claimant TTD benefits for the period beginning with her hospitalization for surgery, to continue until claimant was medically stationary.

SAIF contends that the Hearings Division did not have jurisdiction over the claim, and, therefore, could neither affirm nor reverse SAIF's November 7, 1995, denial of it. Specifically, SAIF argues that claimant had requested payment for medical services only and that such requests are under the exclusive jurisdiction of the Director of the Department of Consumer Services. As support for its argument, SAIF relies on our decision in *SAIF v. Shipley*, 147 Or App 26, 934 P2d 611, *rev allowed* 326 Or 57 (1997), where we interpreted ORS 656.245(6) to mean that a claim for medical services that is denied for reasons other than the denial of compensability of the condition for which medical treatment is sought is subject to the exclusive jurisdiction of the Director. Claimant argues in response that *Shipley* does not apply to her claim, because her claim was for more than medical services and because the November 7, 1995, denial specifically stated that the claim was not compensable because the January 15, 1986, injury was not "the major contributing cause" of her current condition. We agree with claimant. Although SAIF attempts to

portray claimant's request as one for medical services only, it is clear that SAIF originally viewed the request as seeking benefits for an aggravation of the original injury or for a new condition arising as a consequence of the original injury. Claimant has argued from the beginning that the condition for which she sought medical treatment was a worsening or consequence of the original injury. That is the type of dispute that ORS 656.283 assigns to the Hearings Division.[2] We conclude, therefore, that the Board had jurisdiction over the claim.[3]

Affirmed.

---

[2] ORS 656.283 assigns to the Hearings Division jurisdiction to review "any matter concerning a claim, except matters for which a procedure for resolving the dispute is provided in another statute, including ORS 656.245[.]" ORS 656.245(6) provides, in turn:

"If a claim for medical services is disapproved for any reason other than the formal denial of the compensability of the underlying claim and this disapproval is disputed, the injured worker, the insurer or self-insured employer shall request administrative review by the director pursuant to this section, ORS 656.260 or 656.327. The decision of the director is subject to the contested case review provision of ORS 183.310 to 183.550."

The dispute at issue is a matter concerning a claim, and it does not come within the disputes that ORS 656.245(6) assigns to the Director for decision.

[3] SAIF also petitioned for review of the Board's own-motion order, arguing that, because the Board had no jurisdiction over the claim, it could not grant TTD benefits because that grant is, of necessity, tied to the underlying claim. Because we conclude that the Board had jurisdiction of the claim, it had authority to award TTD benefits on it.