Argued and submitted January 5, decision of Court of Appeals affirmed, final order of Workers' Compensation Board vacated March 26, 1998

In the Matter of the Compensation of
Dale R. Shipley, Claimant.

SAIF CORPORATION
and Great Shakes, Inc.,
*Respondents on Review,*

*v.*

Dale R. SHIPLEY,
*Petitioner on Review,*

*and*

DEPARTMENT OF CONSUMER AND
BUSINESS SERVICES,
*Intervenor.*

(WCB 95-02156; CA A92310; SC S44301)

955 P2d 244

Scott M. McNutt, Sr., Coos Bay, argued the cause and filed the brief for petitioner on review.

Michael O. Whitty, Salem, argued the cause and filed the brief for respondents on review.

Mary H. Williams, Assistant Attorney General, Salem, argued the cause for intervenor. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Douglas A. Swanson, of Swanson, Thomas & Coon, Portland, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Graber, and Durham, Justices.**

GRABER, J.

---

** Fadeley, J., retired January 31, 1998, and did not participate in this decision; Kulongoski, J., did not participate in the consideration or decision of this case.

## GRABER, J.

■    The question in this workers' compensation case is where to resolve a medical services dispute that claimant raised before the Workers' Compensation Board (Board) at a hearing that originally had been set to review a denial of compensability. We hold that the Board did not have authority to conduct a hearing involving a medical services dispute.

Claimant suffered a compensable left knee injury in September of 1989. The resulting claim was closed in 1991 with an award of temporary and permanent partial disability. Claimant's left knee symptoms persisted for some period, and he took medications for those symptoms.

In December of 1994, claimant fell on the stairs of his home, after which he experienced swelling and pain in the left knee. Claimant required medical services. He sought to reopen his 1989 claim to obtain compensation for those recent medical services.

The State Accident Insurance Fund (SAIF), his employer's insurer, denied claimant's request to reopen his 1989 claim on two grounds. First, SAIF asserted that the accepted condition (the 1989 knee injury) had not worsened, *i.e.*, that there was no compensable aggravation. Second, in the alternative, SAIF asserted that the present knee condition had no work connection, in that the fall at home was the major contributing cause of any disability or need for treatment.

After receiving SAIF's denial, claimant filed a request for a hearing with the Board. At the hearing, claimant withdrew the aggravation claim and conceded that he had suffered no new compensable injury. In other words, claimant no longer challenged the denial of compensability. Instead, claimant argued that the post-1994 medical treatments were materially related to the original compensable 1989 condition and that he therefore was entitled to benefits for those medical services, based on the accepted claim.

SAIF responded that the latest medical treatments were not necessitated by, or related to, the original compensable 1989 condition. An administrative law judge issued an

order concluding that the 1989 compensable injury was a material contributing cause of the post-1994 need for medical services, ORS 656.245(1)(a), and, consequently, that claimant's medical services claim was compensable. On review, the Board affirmed.

SAIF petitioned for judicial review, arguing for the first time that the Board had no jurisdiction and that claimant's remedy, if he wished to challenge SAIF's denial on the theory that was tried at the hearing, was with the Director of the Department of Consumer and Business Services (Director).[1] The Court of Appeals agreed with SAIF:

> "The fact that SAIF's denial encompassed more than what claimant was seeking does not enlarge the scope of this dispute beyond the scope of the claim. This is and has always been a medical services dispute subject to the exclusive jurisdiction of the Director pursuant to ORS 656.245(6)." *SAIF v. Shipley*, 147 Or App 26, 29, 934 P2d 611 (1997).

Accordingly, the Court of Appeals reversed the Board's decision and remanded the matter. *Ibid.*

Claimant petitioned for review, and this court allowed the petition. For the reasons that follow, we now affirm the decision of the Court of Appeals, except that we vacate the Board's final order.

■    To resolve the question before us, we turn to an analysis of the pertinent statutes, because an agency has only those powers that the legislature grants and cannot exercise authority that it does not have. *See Ore. Newspaper Pub. v. Peterson*, 244 Or 116, 123, 415 P2d 21 (1966) ("In the absence of a statute which grants a presumption of validity to administrative regulations, an administrative agency must, when its rule-making power is challenged, show that its regulation falls within a clearly defined statutory grant of authority." (citation omitted)). In interpreting those statutes, we apply the template described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

---

[1] An argument that the lower tribunal lacked jurisdiction may be raised for the first time on appeal. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 383, 823 P2d 956 (1991). The parties may not waive lack of subject matter jurisdiction. *Wink v. Marshall*, 237 Or 589, 592, 392 P2d 768 (1964).

Because the legislature's intention respecting the present question is clear from an examination of the text and context of the relevant statutes, we confine our discussion to the first level of analysis identified in *PGE*.

ORS 656.245 addresses the review of medical services disputes, including questions about what treatment is appropriate for a particular compensable injury. ORS 656.245 provides, in part:

"(1)(a) For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions caused in material part by the injury for such period as the nature of the injury or the process of the recovery requires * * *, including such medical services as may be required after a determination of permanent disability. * * *

"* * * * *

"(6) *If a claim for medical services is disapproved for any reason other than the formal denial of the compensability of the underlying claim and this disapproval is disputed, the injured worker,* the insurer or self-insured employer *shall request administrative review by the director* pursuant to this section, ORS 656.260 or 656.327. The decision of the director is subject to the contested case review provisions of ORS 183.310 to 183.550." (Emphasis added.)

ORS 656.260 provides for resolution of medical services disputes when managed health care providers are involved. ORS 656.327 provides, in part:

"(1)(a) If an injured worker, an insurer or self-insured employer or the Director of the Department of Consumer and Business Services believes that the medical treatment, not subject to ORS 656.260, that the injured worker has received, is receiving, will receive or is proposed to receive is excessive, inappropriate, ineffectual or in violation of rules regarding the performance of medical services, the injured worker, insurer or self-insured employer shall request review of the treatment by the director and so notify the parties.

"(b) Unless the director issues an order finding that no bona fide medical services dispute exists, the director shall review the matter as provided in this section. Appeal of an order finding that no bona fide medical services dispute

exists shall be made directly to the Workers' Compensation Board * * *. The decision of the board is not subject to review by any other court or administrative agency."

The remainder of ORS 656.260 and 656.327 pertain to the manner in which the Director is to review medical information to resolve a medical services dispute.

ORS 656.704 underscores that a medical services dispute is to be resolved by the Director and describes the two avenues of review that apply in workers' compensation cases. ORS 656.704 provides, in part:

"(1)   Actions and orders of the Director of the Department of Consumer and Business Services, and administrative and judicial review thereof, regarding matters concerning a claim under this chapter are subject to the procedural provisions of this chapter and such procedural rules as the Workers' Compensation Board may prescribe.

"(2)   Notwithstanding ORS 183.315(1), actions and orders of the director and the conduct of hearings and other proceedings pursuant to this chapter, and judicial review thereof, regarding all matters other than those concerning a claim under this chapter, are subject to ORS 183.310 to 183.550 and such procedural rules as the director may prescribe. * * *

"(3)   *For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings* under this chapter, and for determining the procedure for the conduct and review thereof, *matters concerning a claim* under this chapter are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue. However, such matters *do not include any disputes arising under ORS 656.245*, 656.248, 656.260, 656.327, *any other provisions directly relating to the provision of medical services to workers* or any disputes arising under ORS 656.340 except as those provisions may otherwise provide." (Emphasis added.)

Two points are clear from reading the text of those statutes. First, when claimant sought a hearing before the Board, the Board had authority to conduct a hearing regarding the dispute, because the matter *at that time* concerned a claim. Claimant's theory was that the 1994 condition was an

*aggravation* of the 1989 condition or, possibly, a *new compensable injury*. SAIF's formal denial was of the compensability of that underlying claim respecting the 1994 condition.

Second, by contrast, the issue, *as ultimately presented at the hearing*, was a claim for *medical services only*, which claimant alleged were directly and materially related to the 1989 injury. The underlying claim for that purpose was the 1989 claim, which all parties agree is compensable. Accordingly, the issue at the hearing was a medical services dispute that, pursuant to ORS 656.245(6), was subject to review by the Director. In other words, had the parties submitted only this issue from the outset, the answer regarding review by the Director would not have been in doubt.

■     What creates uncertainty is that the issue presented to SAIF for an initial response was not the same as the issue presented at the hearing. When the issue changes from one that is within the Board's jurisdiction to one that otherwise is outside the Board's jurisdiction, what do the statutes require the Board to do? That is a question of first impression in this court.

Claimant argues that the dispositive factor is the employer's or insurer's original formal denial. He relies on the beginning phrase in ORS 656.245(6): "If a claim for medical services is disapproved for any reason other than the formal denial of the compensability of the underlying claim," then a dispute goes to the Director. Here, claimant argues, SAIF disapproved his claim by formally denying the compensability of the underlying claim for aggravation or for a new compensable injury. Claimant then reasons that the claim was not "disapproved for a[ ] reason other than the formal denial of the compensability of the underlying claim" and that the dispute therefore was not one for the Director under the terms of ORS 656.245.

The problem with claimant's argument is that the "claim for medical services," as related directly to the 1989 compensable injury, did not arise as a discrete claim until the time of the hearing, when claimant chose to forego a challenge to SAIF's denial of compensability and to reframe the issue as a medical services dispute. SAIF did not disapprove *that* claim until the hearing. When it did so, it did so *not* on

the ground that the 1989 injury was not compensable, but on the ground that the current need for medical services did not relate materially to the compensable 1989 injury, as required by ORS 656.245.

The issue that the Hearings Division properly could decide and that the Board properly could review was SAIF's denial of the compensability of claimant's 1994 injury, either as an aggravation of the compensable 1989 injury or as a new compensable injury. When the hearing began, however, claimant chose not to challenge the denial of compensability. Instead, he decided to pursue a different theory, linking the post-1994 medical services to the underlying, compensable 1989 claim. SAIF's response did not deny the compensability of the 1989 injury but only the relatedness of the recent medical services to that injury.

When the issue was thus reframed, the administrative law judge and the Board had no authority to decide it. The statutes contain no provision for transferring a case from the Board to the Director. That being so, dismissal was required.

The decision of the Court of Appeals is affirmed, except that the final order of the Workers' Compensation Board is vacated.[2]

---

[2] The Court of Appeals reversed and remanded the final order of the Board. However, because the Board did not have jurisdiction to entertain the question that it ultimately decided, the Court of Appeals should have vacated, rather than reversed and remanded, the Board's order.