Submitted on petitioners' petition for reconsideration filed March 11, reconsideration allowed; previous opinion (152 Or App 780, 954 P2d 1270 (1998)) supplemented and adhered to as supplemented September 2, 1998

In the Matter of the Compensation of
Nancy L. Pendergast-Long, Claimant.

SAIF CORPORATION
and Murphy Plywood Company,
*Petitioners,*

*v.*

Nancy L. PENDERGAST-LONG,
*Respondent.*

(95-12710 and 95-0408M; CA A96056 (Control)
and CA A96299)
(Cases Consolidated)

964 P2d 1099

David L. Runner for petition.

Christine Jensen and Malagon, Moore & Jensen, *contra.*

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

o

**ARMSTRONG, J.**

Petitioners seek reconsideration of our decision in *SAIF v. Pendergast-Long*, 152 Or App 780, 954 P2d 1270 (1998), in which we concluded that the Workers' Compensation Board had jurisdiction over claimant's request for medical services because claimant had challenged SAIF's denial of the compensability of the underlying claim. Petitioners contend that, under the Supreme Court's subsequent decision in *SAIF v. Shipley*, 326 Or 557, 955 P2d 244 (1998), the hearings division lost jurisdiction of the claim when claimant stated at hearing that her claim was for medical services under ORS 656.245. We allow the petition and adhere to our opinion as supplemented herein.

Claimant suffered a compensable back injury in 1986. She injured her back again in 1987 while working for the same employer. Her claims for those injuries were consolidated as a single claim under the 1986 injury, which employer accepted as a back strain. In January 1990, the 1986 claim was closed with an award of 15 percent unscheduled permanent partial disability (PPD). The PPD award was contested and, after a hearing, was adjusted to 16 percent unscheduled PPD to claimant's back and five percent scheduled PPD to her right leg. In 1992, claimant sought compensation for the current care and treatment of her back injury, which was denied. Claimant contested the denial, and the matter was resolved through a disputed claim settlement. In 1995, claimant underwent diagnostic studies that revealed a disc derangement at L5-S1. The examining physician recommended surgery to fuse the lumbar spine from L4 to S1 to treat that condition, which surgery was performed in September 1995.

In conjunction with the surgery, claimant filed a request for compensation and temporary total disability (TTD) benefits. Because claimant's aggravation rights had expired in March 1991, SAIF submitted the request for TTD benefits to the Board's own motion division.[1] On November 7,

---

[1] ORS 656.278(1)(a) allows the Board to exercise its own motion authority to reopen a claim for additional TTD benefits when the Board finds that there is a worsening of a compensable injury that requires either inpatient or outpatient surgery or other treatment requiring hospitalization.

1995, SAIF issued a denial of benefits. The denial letter stated, in relevant part:

"[W]e have determined that we are unable to pay for treatment or disability related to disc herniation L4-5 and L5-S1 with posterolateral interbody fusion at those levels because of the following reason(s):

"The January 15, 1986 injury is not the major contributing cause of your disc herniation L4-5 and L5-S1 with posterolateral interbody fusion at those levels."

Claimant requested a hearing on the denial, which was held April 4, 1996. After the hearing, the administrative law judge (ALJ) issued an order upholding SAIF's denial of the claim, concluding that the claim was precluded by the 1992 disputed claim settlement. As an alternate ground for his decision, the ALJ concluded that claimant had not proved that the condition requiring the lumbar fusion was related to the 1986 injury. Claimant requested review by the Board, which reversed the ALJ's order, concluding that the claim was not precluded by the 1992 settlement and that the 1986 injury was the cause of the condition that required surgery. The Board reaffirmed its decision in a December 1996 order on reconsideration. In January 1997, the Board issued its own motion order granting claimant TTD benefits for the period beginning with her hospitalization for surgery and continuing until she was medically stationary.

In our original opinion, we concluded that the Board had jurisdiction over the claim because claimant had challenged SAIF's denial of the compensability of the condition for which she had sought treatment and TTD. We based our conclusion on our interpretation of SAIF's original denial, and we stated that "it is clear that SAIF originally viewed the request as seeking benefits for an aggravation of the original injury or for a new condition arising as a consequence of the original injury."

Under ORS 656.245(6), the hearings division has jurisdiction over a medical services claim only if the claim was disapproved because of a formal denial of compensability of the underlying claim. Otherwise, jurisdiction over medical services claims lies with the Director of the Department of Consumer and Business Services. In *Shipley*, the claimant

had originally disputed SAIF's denial of his aggravation claim but, at hearing, he withdrew the aggravation claim and conceded that he had suffered no new compensable injury. *Shipley*, 326 Or at 560. Instead, the claimant contended that his medical treatment was materially related to the original compensable condition and that he was, therefore, entitled to benefits for those medical services, based on the accepted claim. *Id.* The Supreme Court held that once the issue had thus been reframed, the ALJ and the Board had no authority to decide it under ORS 656.245(6) and, therefore, the claim should have been dismissed. *Id.* at 565.

Our case is different from *Shipley*. *Shipley* involved a dispute over medical treatment for an accepted condition. Here, the parties disputed whether the condition for which claimant sought treatment, the disc derangement at L5-S1, was compensable. Because the compensability of the underlying condition was at issue, the Board had jurisdiction over the claim. ORS 656.245(6).[2]

Reconsideration allowed; previous opinion supplemented and adhered to as supplemented.

---

[2] Claimant stated in response to a motion by SAIF to dismiss her claim that her claim was "for medical treatment for the accepted injury." Standing alone, that statement could be understood to characterize the claim as one for medical services for the accepted 1986 back strain rather than as one that sought to establish the compensability of the L5-S1 disc derangement and the treatment of that condition. If that were the case, the dispute would be one over which the Director rather than the Board had jurisdiction. However, the parties' briefs and argument to the Board and the Board's decision make clear that the dispute was over the compensability of the disc derangement, which comes within the Board's jurisdiction.