Argued and submitted October 12, 1999, decision of Court of Appeals reversed and judgment of circuit court affirmed July 21, 2000

Arleen E. WADDILL,
*Petitioner on Review,*

*v.*

ANCHOR HOCKING, INC.,
a Delaware corporation,
*Respondent on Review.*

(CC 9405 03390; CA A91012; SC S44770)

8 P3d 200

Kathryn H. Clarke, Portland, argued the cause for petitioner on review. With her on the briefs were Maureen Leonard and D. Lawrence Wobbrock, Portland.

Robert H. Riley, of Schiff Hardin & Waite, Chicago, argued the cause for respondent. With him on the briefs were Catherine M. Masters and Neil Lloyd, Chicago, and Stephen S. Walters, of Stoel Rives, LLP, Portland.

John Paul Graff, of Graff & O'Neil, Portland, filed the briefs on behalf of *amicus curiae* Oregon Trial Lawyers Association.

William Gaylord, of Gaylord & Eyerman, P.C., Portland, filed a brief on behalf of *amici curiae* William A. Gaylord, Linda K. Eyerman, Gaylord and Eyerman, P.C.; Arthur Johnson, Johnson, Clifton, Larson & Corson, P.C.; Mark Bocci, Pippin & Bocci; Jeffrey P. Foote; Jeffrey B. Wihtol; Larry N. Sokol, Larry N. Sokol & Associates; Ray Thomas, Swanson, Thomas & Coon; Lawrence Baron; Elden Rosenthal, Rosenthal & Greene, P.C.; Bernard Jolles, Jolles, Bernstein & Garone; Michael Williams, Williams & Troutwine, P.C.; Peter Preston, Robert Udziela, Robert Neuberger, Pozzi Wilson Atchison, LLP; Charles Paulson and Jan Baisch, Paulson and Baisch Trial Lawyers, P.C.; and Charles Tauman.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff Arleen Waddill brought this action alleging strict liability and negligence claims for personal injury. She challenges a Court of Appeals decision reversing a circuit court judgment in her favor and remanding for a new trial. *Waddill v. Anchor Hocking, Inc.*, 149 Or App 464, 944 P2d 957 (1997). For the reasons that follow, we reverse the decision of the Court of Appeals.

We take the following facts from the Court of Appeals' opinion and the record:

"Plaintiff purchased a two-gallon glass fishbowl manufactured by defendant. There is no evidence that the product was defective when manufactured. Because of normal use after purchase, the fishbowl developed a small crack that could not be seen easily. After use for several months, plaintiff cleaned the fishbowl, filled it with water and carried it, cradled in both hands, to place it on a table. As she lowered the fishbowl, it shattered before it came into contact with the table. The broken glass injured plaintiff's hands and wrists.

"As a result of her injuries, plaintiff filed this action. Over defendant's pretrial motion *in limine* to exclude evidence, the trial court admitted evidence about three previous complaints that had been filed against defendant involving shattered fishbowls and personal injuries to hands and wrists. At the conclusion of the trial, plaintiff moved to amend her complaint to conform to the evidence that defendant had been negligent in the manner in which it maintained records of the three prior complaints. The trial court allowed the motion over defendant's objection, and the following specification of negligence was added to the complaint: '[D]efendant was negligent * * * [i]n failing to keep records of prior lawsuits for personal injury due to breakage of the fishbowl.' The jury returned a general verdict finding defendant liable for plaintiff's injuries."

*Id.* at 466.

After the trial court entered judgment, defendant moved to dismiss plaintiff's original failure-to-warn claims and her newly added "negligent record-keeping" claim. Relying on ORCP 21 A(8),[1] defendant argued that plaintiff had

_____

[1] ORCP 21 A provides, in part:

failed in each instance to state ultimate facts sufficient to constitute a claim. The trial court denied the motion to dismiss, and defendant appealed.

The Court of Appeals concluded that plaintiff had stated failure-to-warn claims under both negligence and strict liability. *Id.* at 474, 476. However, the court also concluded that plaintiff had failed to state a claim for negligent record-keeping. *Id.* at 478. Because the court could not tell from the jury's general verdict whether the jury found defendant liable based on the negligent record-keeping claim or based on one or more of plaintiff's other claims, the court applied the "we can't tell" rule of *Whinston v. Kaiser Foundation Hospital,* 309 Or 350, 357, 788 P2d 428 (1990), and reversed and remanded for a new trial. *Waddill,* 149 Or App at 478-79. We allowed plaintiff's petition for review.

Plaintiff argues on review that the Court of Appeals should not have reached the merits of defendant's motion to dismiss for failure to state a claim because that motion was not timely. In the alternative, plaintiff argues that the court erred in concluding that her negligent record-keeping allegations failed to state a claim. Finally, plaintiff argues that, in any event, the court erred in applying *Whinston.*

■      We begin with plaintiff's first argument. Plaintiff argues that defendant waived its right to attack the legal sufficiency of her claims when defendant allowed the case to proceed to judgment without raising the sufficiency issue to the trial court. Defendant responds that it raised the issue of the legal sufficiency of the negligent record-keeping claim when it objected to plaintiff's motion to amend the complaint. At trial, defense counsel objected to the addition of the negligent record-keeping wording to the complaint on the ground that "it's evidence of the record issue, but that's not a specification of negligence." The context of defendant's argument to the trial court does not persuade us that defendant put squarely before that court the issue whether plaintiff had stated a legally cognizable claim.

---

"[T]he following defenses may at the option of the pleader be made by motion to dismiss: * * * (8) failure to state ultimate facts sufficient to constitute a claim * * *."

ORCP 21 A requires parties to state the grounds on which a defense of failure to state a claim is based "specifically and with particularity." Defendant, however, neither referred to ORCP 21 A(8) nor worded its objection to resemble the wording contained in that rule: "failure to state ultimate facts sufficient to constitute a claim * * *." Although defendant could have elaborated on what it had said in a manner that properly would have raised an ORCP 21 question, examination of the colloquy between the court and counsel shows that defendant was arguing something quite different. The trial judge apparently understood defendant to have argued that, because the evidence of negligent record-keeping had been objected to *in limine*, plaintiff's complaint should not have been amended to conform to that evidence. During that colloquy, defendant did not clarify its position.

Because we conclude that defendant's objection did not raise the issue of failure to state ultimate facts sufficient to constitute a claim, we must consider whether, as plaintiff claims, defendant's failure to raise that issue before the trial court entered judgment precludes defendant from attacking on appeal the sufficiency of plaintiff's claims. Resolution of that issue requires us to determine when, if ever, a party forfeits the right to challenge the legal sufficiency of an opponent's allegations. At the trial court level, ORCP 21 governs that type of challenge.

ORCP 21 G(3) provides:

"A defense of failure to state ultimate facts constituting a claim * * * may be made in any pleading permitted or ordered under Rule 13 B or by motion for judgment on the pleadings, or *at the trial on the merits*."

(Emphasis added.) We interpret Oregon's Rules of Civil Procedure in the same manner in which we interpret Oregon's statutes. *State v. Arnold*, 320 Or 111, 119, 879 P2d 1272 (1994). Adhering to the methodology set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993), we first look to the text and context of the rule.

The text of the rule identifies three times at which a party may assert the defense: (1) in any pleading permitted or ordered under Rule 13 B; (2) by motion for judgment on the

pleadings; and (3) at the trial on the merits. Applying the maxim of *inclusio unius est exclusio alterius* ("the inclusion of one is the exclusion of the other," *see Fisher Broadcasting, Inc. v. Dept. of Rev.*, 321 Or 341, 353, 898 P2d 1333 (1995) (applying maxim to text of statute at first level of interpretive analysis)), we conclude that the specification of those three times indicates an intent on the part of the Council on Court Procedures to limit the times at which a party may raise that defense to those three and to make the defense otherwise unavailable.[2] As a practical matter, therefore, a party may not raise an ORCP 21 A(8) defense after the last of those three times, *i.e.*, the trial on the merits, has passed. In this case, then, we must determine whether the trial on the merits had concluded when defendant made its motion.

■ Here, both parties refer to defendant's motion to dismiss as a "post-trial" motion and, without deciding precisely when a trial on the merits ends, we assume, as do the parties by their terminology, that the trial on the merits has ended at least by the time when judgment is entered. As noted, the motion here followed entry of judgment. The motion, therefore, was untimely under ORCP 21 G(3).

■ Defendant argues that, before ORCP 21 became effective on January 1, 1980, Oregon court decisions had allowed a party to raise the defense of failure to state a claim for the first time on appeal. *See, e.g., Fulton Ins. v. White Motor Corp.*, 261 Or 206, 210, 493 P2d 138 (1972) (so allowing). Defendant reasons that, if the defense of failure to state a claim can be raised for the first time on appeal, then surely it can be raised for the first time while the case is pending in the trial court, albeit after entry of the judgment. In *Richards v. Dahl*, 289 Or 747, 752, 618 P2d 418 (1980), decided in October 1980, this court repeated the rule found in those earlier decisions. The issue whether the court's pre-ORCP rule survived the adoption of the ORCP was not raised by the parties,

---

[2] The legislature created the Council on Court Procedures in 1977 to promulgate, subject to legislative disapproval or amendment, rules of civil procedure. ORS 1.725 through ORS 1.735. Thus, unless the legislature amended the rule at issue in a particular case in a manner that affects the issues in that case, the Council's intent governs the interpretation of the rule. *See Lake Oswego Review, Inc. v. Steinkamp*, 295 Or 607, 610-11, 695 P2d 565 (1985) (looking to intent of Council to interpret rule).

however, and the decision in that case contained no analysis of the issue. We now analyze the effect of ORCP 21 on the rule recited in *Richards*.

■ Historically, the defenses of lack of subject-matter jurisdiction and failure to state a claim were linked in Oregon law. *See McIntosh Livestock Co. v. Buffington*, 108 Or 358, 363, 217 P 635 (1923) ("[e]xcept where the complaint fails to state facts sufficient to constitute a cause of action or where the court has no jurisdiction * * * of the subject matter of the action, to which objection may be raised for the first time upon appeal, this court will not pass upon a question which was not presented to [the trial court]"); *McKay v. Freeman*, 6 Or 449, 453 (1877) (court followed practice of considering whether trial court had subject-matter jurisdiction and whether complaint stated facts sufficient to constitute a cause of action, whether or not such questions were assigned in notice of appeal). In *Carver v. Jackson County*, 22 Or 62, 63-64, 29 P 77 (1892), this court stated that the reason for those rules was that,

> "in a case where the court below was without jurisdiction or where it acted upon a pleading which was utterly destitute of legal merit, that is, which entirely failed to state a cause of action or defense, the court was without power to render a judgment that would be of any validity[.]"

The Council on Court Procedures, however, did not treat those two defenses identically in 1978 when it promulgated subsection G of ORCP 21.[3] As discussed, the defense of failure to state a claim was included in ORCP 21 G(3), a category of defenses that a party may raise only in certain circumstances, *viz.*,

> "in any pleading permitted or ordered under Rule 13 B or by motion for judgment on the pleadings, or at the trial on the merits."

The defense of failure to state a claim was *not* paired with the defense of lack of subject-matter jurisdiction. That latter

---

[3] On December 2, 1978, the Council promulgated 58 rules (numbered 1 through 64, reserving six rule numbers for expansion). Those rules were submitted to the 1979 Legislature and took effect, as amended, on January 1, 1980. Another series of promulgated rules took effect on January 1, 1982, as ORCP 65 through ORCP 85.

defense was set out separately in ORCP 21 G(4), which provides that,

"[i]f it appears by motion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court shall dismiss the action."

Subparagraph G(4) does not specify when the defense of lack of subject-matter jurisdiction may be raised. However, this court has determined that a party may raise that defense at any time, including for the first time on appeal. *See, e.g., SAIF v. Shipley*, 326 Or 557, 561 n 1, 955 P2d 244 (1998) (so noting).

Our reading of the text of ORCP 21 indicates that the Council on Court Procedures intended the defense of failure to state a claim to be waivable by a party's failure to assert it in a timely manner, but did not intend the defense of lack of subject-matter jurisdiction to be waivable. We find no contextual provisions that raise any questions with respect to what we perceive to be the clear meaning of ORCP 21 G(3). The adoption of ORCP 21 G(3) has superseded the rule recited in *Richards*. It follows from the foregoing that defendant's motion was not timely, and defendant thus waived the defense of failure to state a claim under ORCP 21 A(8).

We hold that ORCP 21 G(3) both specifies and limits the times when the defense of failure to state a claim may be raised. Oregon appellate courts will not consider on appeal the legal sufficiency of a claim unless a defense on that basis was raised to the trial court before or during the trial on the merits in the manner prescribed by ORCP 21 G(3). We further hold that, because defendant here did not timely raise the issue of the legal sufficiency of plaintiff's claims and, therefore, waived that defense, the Court of Appeals erred in addressing the issue. Accordingly, we reverse the decision of the Court of Appeals and affirm the judgment of the trial court.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.