**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 2 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JURGEN VOLLRATH,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>DEPUY SYNTHES BUSINESS ENTITIES;<br>et al.,<br><br>        Defendants-Appellees. | No.   22-35281<br><br>D.C. No. 3:19-cv-01577-SI<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted February 10, 2023**
Portland, Oregon

Before: MURGUIA, Chief Judge, and FORREST and SUNG, Circuit Judges.

Plaintiff Jurgen Vollrath appeals from the district court's grant of summary

judgment in favor of Defendants DePuy Synthes Business Entities, et al. Summary

judgment is proper where the "movant shows that there is no genuine dispute as to

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). We must view the evidence in the light most favorable to the non-movant, drawing all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). We have jurisdiction under 28 U.S.C. § 1291 and § 1332, and we review de novo. *Id.* We affirm on all claims.[1]

1. The district court properly granted summary judgment on Plaintiff's negligence claim. Like the district court, we assume without deciding that Plaintiff may allege a negligence claim based on a failure to comply with FDA regulations. Even if such a claim is permitted, summary judgment was proper because Plaintiff did not produce sufficient evidence showing that Defendants failed to comply with FDA regulations as alleged.

2. The district court properly granted summary judgment on Plaintiff's three asserted theories of strict products liability.

Design defect: The district court correctly concluded that Plaintiff's evidence does not create a genuine issue of material fact about whether the S-ROM modular hip implant was defectively designed. Under Oregon law, Plaintiff has the burden to demonstrate that, "when the product left the defendant's hands, the

---

[1] To the extent that this memorandum reveals sealed information, the court unseals that information for purposes of this disposition only.

product was defective and dangerous to an extent beyond that which the ordinary consumer would have expected." *McCathern v. Toyota Motor Corp.*, 23 P.3d 320, 332 (Or. 2001). Additionally, Plaintiff's evidence must overcome a rebuttable presumption that "a product as manufactured and sold or leased is not unreasonably dangerous for its intended use." Or. Rev. Stat. § 30.910. Plaintiff's experts provided information that help explain why the implant failed, but his experts did not testify that the implant was defectively designed. Plaintiff's evidence cannot rebut the presumption that the S-ROM modular implant was not unreasonably dangerous.

Manufacturing defect: The district court correctly concluded that Plaintiff's evidence does not create a genuine issue of material fact about whether the S-ROM modular hip implant had a manufacturing defect. Under Oregon law, a plaintiff can demonstrate a manufacturing defect by comparing the product in question "with similar articles made by the same manufacturer." *Phillips v. Kimwood Mach. Co.*, 525 P.2d 1033, 1036 (Or. 1974), *superseded by statute on other grounds*, Or. Rev. Stat. § 30.920, *as recognized in McCathern*, 23 P.3d at 75–76. A plaintiff may be able to establish a manufacturing defect "by proving that the product did not perform in keeping with the reasonable expectations of the user." *Heaton v. Ford Motor Co.*, 435 P.2d 806, 808 (Or. 1967). Here, Plaintiff did not provide comparative evidence of similar products. Nor did Plaintiff provide evidence about

reasonable user expectations.

Failure to warn: The district court correctly concluded that Plaintiff's evidence does not create a genuine issue of material fact about whether Defendants' S-ROM warning was adequate. The district court also correctly applied Oregon's failure to warn standard. Under Oregon law, a "warning must be fair and adequate, to the end that the user, by the exercise of reasonable care on his own part, shall have a fair and adequate notice of the possible consequences of use or even misuse." *Schmeiser v. Trus Joist Corp.*, 540 P.2d 998, 1004 (Or. 1975) (citation omitted). A plaintiff must show that the manufacturer had reason to anticipate danger from the product's particular use. *Waddill v. Anchor Hocking*, 944 P.2d 957, 962 (Or. App. 1997), *rev'd on other grounds*, 8 P.3d 200 (Or. 2000). Defendants' product insert warned, "[t]he expected useful life of an S-ROM femoral component may be compromised in a very large or overweight individual and/or one who has a physically active lifestyle, or has an unusual gait due to an unrelated abnormality." Plaintiff did not present any evidence that Defendants had reason to anticipate any other danger from the S-ROM's use. Plaintiff also failed to present evidence that additional warnings on the S-ROM implant would have made the product "safe."

3. The district court properly granted summary judgment on Plaintiff's breach of warranty claim. Under Oregon law, there is an implied warranty that

goods are suitable for the purpose intended.  Or. Rev. Stat. § 72.3150. Plaintiff did not present any evidence that the S-ROM implant was defective or unfit for the purpose intended. Accordingly, Plaintiff did not establish a breach of the implied warranty.

We also dismiss as moot Plaintiff's pending motions at ECF No. 22 and 26.

**AFFIRMED.**