714 October 1, 2025 No. 857

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SERVIS ONE, INC,
dba BSI Financial Services,
*Plaintiff-Respondent,*

*v.*

Scott Douglas WEEDEN
and all others,
*Defendant-Appellant.*

Multnomah County Circuit Court
23LT15452; A183099

Mark Allen Peterson, Judge.

Argued and submitted April 29, 2025.

Scott Weeden argued the cause and filed the brief *pro se*.

John Thomas argued the cause for respondent. On the
brief were Michael Scott and McCarthy & Holthus, LLP.

Before Aoyagi, Presiding Judge, Egan, Judge, and
Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Plaintiff Servis One, Inc, doing business as BSI Financial Services, brought this forcible entry and detainer (FED) action against defendant Weeden, seeking possession of real property. The trial court awarded restitution of the premises to plaintiff. Defendant appeals. We affirm.

Defendant obtained a loan in 2019 and, as security for the loan, executed a trust deed that encumbered the real property at issue. The trust deed was recorded in Multnomah County, the county in which the property was located. In 2023, plaintiff executed a nonjudicial foreclosure. A trustee's sale was held at which plaintiff was the successful bidder. Thereafter, a trustee's deed was issued to plaintiff and recorded in Multnomah County.

Plaintiff then initiated this FED action, seeking a judgment against defendant for possession of the property. In its complaint, plaintiff alleged that (1) defendant was in possession of the property; (2) defendant was unlawfully holding the property by force; and (3) plaintiff was entitled to possession of the property pursuant to ORS 86.782(6)(a) (2023), *amended by* Or Laws 2025, ch 32, § 78. Following a bench trial, the trial court entered a judgment awarding plaintiff possession of the premises.

Defendant appeals, raising five assignments of error. His first assignment concerns subject matter jurisdiction, which may be raised for the first time on appeal. *Waddill v. Anchor Hocking, Inc.*, 330 Or 376, 384, 8 P3d 200 (2000), *adh'd to on recons*, 331 Or 595, 18 P3d 1096 (2001) ("[T]his court has determined that a party may raise [the defense of lack of subject matter jurisdiction] at any time, including for the first time on appeal."). We understand him to contend that the court lacked subject matter jurisdiction over plaintiff's FED action. We disagree. The trial court had subject matter jurisdiction to resolve the claim raised in plaintiff's pleading. *See Duckworth v. Duckworth*, 327 Or App 219, 226, 524 P3d 1076 (2023) (explaining that "the Oregon Trust Deed Act *** allows the purchaser of real property at a trustee's sale to use FED procedures" to seek possession from someone who remains in possession after the 10th day after the trustee's sale).

Our review of defendant's second through fifth assignments of error is hampered by his failure to designate the transcripts of the proceedings below as part of the record on appeal. We must make our decision on the record before us, which does not include a record of the trial. With that in mind, we briefly address each of the remaining assignments.

In defendant's second assignment of error, he challenges the trial court's reliance on "the Notice of Sale as prima facie evidence of the parties' lawful conduct of business." Because the appellate record does not show that the court did that or how that may have affected its reasoning, we must affirm on that assignment.

In defendant's third assignment of error, he challenges what he understands to be the trial court's requirement that he, a *pro se* litigant, provide an Oregon State Bar number on one of his filings. To the extent that the record reflects anything related to that issue, it appears that it arose when defendant attempted to file a lien. We do not perceive, and defendant does not explain, how that issue relates to the judgment on appeal. Accordingly, we affirm on the third assignment.

In the fourth assignment, defendant refers to a motion for leave to present new evidence under ORAP 4.25, which the Appellate Commissioner denied. The rule, and the statute that it implements, ORS 183.482, apply only to petitions for judicial review from orders of administrative agencies, not to appeals of judgments issued by courts. Even if it had not already been denied, the motion could not present a basis for reversal of a circuit court judgment.

In the fifth assignment, as we understand it, defendant takes issue with the trial court's refusal to allow filing of defendant's motion to strike absent proof that it was served on plaintiff.[1] Because the record on appeal does not

---

[1] It is not clear what the relationship is between the motion to strike that defendant appears to address in the fifth assignment and the notice of proposed judgment and estoppel deed that defendant submitted to the court, which he also refers to in this assignment. To the extent that those documents were intended as a settlement offer, there is no indication that plaintiff accepted that offer, and, consequently, there can be no error in the court failing to accept it. To the extent that they were intended to be offered as evidence at trial, the lack of a transcript of trial makes it impossible for us to consider any error in that respect.

reflect any procedural history relating to that event, we cannot review it.

Affirmed.