No. 259 April 1, 2026 215

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

RONALD DARWIN LAW,
*Petitioner-Appellant,*

*v.*

Josh HIGHBERGER,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
20CV29459; A183481

Patricia A. Sullivan, Senior Judge.

Submitted October 16, 2025.

Margaret Huntington and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PAGÁN, J.

Reversed with respect to Claim 2 and remanded; otherwise affirmed.

## PAGÁN, J.

Petitioner appeals a judgment denying his successive petition for post-conviction relief. In 2005, petitioner pleaded guilty to and was convicted of first-degree sodomy and three counts of first-degree sexual abuse. In 2009, petitioner unsuccessfully sought post-conviction relief. In May 2017, the Marion County District Attorney's Office mailed petitioner a letter informing him that previously untested vaginal and rectal swabs collected during the investigation of his criminal case had finally been tested, and the "[s]creening for the presence of male DNA was negative." In August 2020, petitioner filed a successive petition, which he later amended to allege two claims: (1) that trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution, by failing to advise him, before he waived his right to a jury trial and pleaded guilty, that there was a possibility that the law regarding nonunanimous verdicts could change in the future ("IAC claim"), and (2) that had petitioner been aware of the newly discovered DNA evidence at the time of his criminal proceedings, he would not have pleaded guilty and would have proceeded to a jury trial ("newly discovered evidence claim").

After trial, the post-conviction court denied the IAC claim in accordance with *Peeler v. Reyes*, 328 Or App 110, 119, 537 P3d 206 (2023), *rev den*, 371 Or 825 (2024), and *Smith v. Kelly*, 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023), and alternatively, it found that petitioner failed to prove prejudice. It denied the newly discovered evidence claim as untimely and for failure to prove prejudice.

Petitioner appeals, challenging those rulings. The superintendent defends the ruling on the IAC claim, but it concedes that the post-conviction court's reasoning on the newly discovered evidence claim was erroneous. Nonetheless, it urges us to affirm on alternative grounds. For the following reasons, we affirm the denial of petitioner's IAC claim but reverse the denial of his newly discovered evidence claim and remand.

*IAC Claim.* The post-conviction court denied petitioner's IAC claim pursuant to our holdings in *Peeler* and *Smith*. On appeal, petitioner acknowledges that that ruling was not error under those cases, but he argues that they were wrongly decided. We agree that the ruling was not error under *Peeler* and *Smith*, and petitioner has not persuaded us that those cases were wrongly decided; therefore, we affirm the post-conviction court's denial of the IAC claim.

*Newly Discovered Evidence Claim.* The post-conviction court denied petitioner's newly discovered evidence claim on two independent and alternative grounds: (1) that it was time barred under ORS 138.510(3) and (2) that petitioner failed to establish prejudice, because the DNA results were relevant only in establishing that male DNA was not found in the victim's vagina or anus, and the crimes of conviction did not require any evidence of intercourse. The parties agree that the post-conviction court's timeliness conclusion was error under *Hill v. Miller*, 330 Or App 386, 395-96, 543 P3d 772 (2024), which was published after the post-conviction court's ruling and overruled the case that the ruling relied upon. And they agree that the post-conviction court's second conclusion was error based on a factual mistake—petitioner's conviction for first-degree sodomy did indeed require proof of intercourse. We agree in both respects. Despite those concessions, the superintendent asks that we affirm on the alternative basis that newly discovered evidence, standing alone, is not a cognizable theory on which to obtain post-conviction relief. We decline to affirm on that basis.

Under ORCP 21A(1)(h), failure to state a claim is a defense that can be raised by pleading, motion for judgment on the pleadings, or even at trial. ORCP 21(G)(3). However, it cannot be raised for the first time on appeal. *Waddill v. Anchor Hocking, Inc.*, 330 Or 376, 384, 8 P3d 200 (2000), *adh'd to on recons*, 331 Or 595, 18 P3d 1096 (2001). Similarly, ORS 138.525(1) allows a post-conviction court, "on its own motion or on the motion of the defendant," to enter a judgment denying a "meritless petition" for post-conviction relief. *See* ORS 138.525(2) (defining a "meritless petition" as one that, "when liberally construed, fails to state a claim

upon which post-conviction relief may be granted."). But the superintendent presents no authority to suggest that a "meritless petition" argument may be raised for the first time on appeal.

Here, we acknowledge that the superintendent pleaded as a defense in his answer the failure to state a claim. However, as far as we can tell from the record, he never again raised that defense or attempted to litigate it, and the post-conviction court never explicitly ruled upon it. The superintendent has not developed any argument as to why, in such circumstances, it would be appropriate for us to essentially decide for the first time on appeal whether the second claim in the petition fails to state a claim under ORCP 21A(1)(h). Because we are unpersuaded that the issue is properly before us, we decline to address it and instead leave that issue for the post-conviction court to address in the first instance, as appropriate, on remand. We reverse the portion of the judgment denying petitioner's newly discovered evidence claim, remand for further proceedings, and otherwise affirm.

Reversed with respect to Claim 2 and remanded; otherwise affirmed.